Patricia P. Hollenbeck (SBN 121765)
Rebecca G. Church (SBN 259652)
**DUANE MORRIS LLP**
750 B Street, Suite 2900
San Diego, CA 92101-4681
Telephone:   (619) 744-2200
Facsimile:    (619) 744-2201
E-mail:        phollenbeck@duanemorris.com
                   rchurch@duanemorris.com

David E. Jones (*admitted pro hac vice*)
**LOGAN & LOWRY, LLP**
102 East Third Street
P.O. Box 452469
Grove, Oklahoma 74345
Telephone:   (918) 786-7511
Facsimile:    (918) 786-5687
E-mail:        djones@loganlowry.com

Attorneys for JOHN ELMBURG, ROBERT
ELMBURG, ERIC ELMBURG, ROCKY
FLICK, CRESTWOOD HOLDINGS, INC. and
BERGAN, LLC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MONTGOMERY,<br><br>            Plaintiff,<br><br>      v.<br><br>WAL-MART STORES, INC.;<br>KINDERHOOK INDUSTRIES II, L.P.;<br>KINDERHOOK INDUSTRIES, L.L.C.;<br>KINDERHOOK CAPITAL FUND II, L.P.;<br>CRESTWOOD HOLDINGS, INC.;<br>BERGAN, L.L.C.; JOHN ELMBURG;<br>ROBERT ELMBURG; ERIC ELMBURG;<br>ROCKY FLICK; HOME DEPOT U.S.A.,<br>INC.; DOES 1 through 20 inclusive,<br><br>            Defendants. | Case No. 12CV3057 JLS (DHB)<br><br>**DEFENDANT BERGAN LLC'S<br>MEMORANDUM OF POINTS<br>AND AUTHORITIES IN<br>SUPPORT OF MOTION TO<br>DISMISS FOR LACK OF<br>STANDING (12(B)(1)), FAILURE<br>TO STATE A CLAIM (12(B)(6)),<br>AND MOTION TO STRIKE<br>(12(F))**<br><br>Date:      April 11, 2013<br>Time:      1:30 p.m.<br>Ctrm:     3B<br>Judge:    Hon. Janis L. Sammartino |

# TABLE OF CONTENTS

I.  Procedural Background ...................................................................................1

II.  Factual Background..........................................................................................2

    A.  Relationship Between Bergan and the Subject Gas Can .....................2

    B.  Related Montgomery Litigation and the Blitz Bankruptcy .................3

III.  Argument and Authority...................................................................................3

    A.  Plaintiff Lacks Standing to Bring Claims for Improperly Divesting Blitz of Corporate Assets Set Forth in its Seventh and Ninth Causes of Action. ...............................................................................3

    B.  Plaintiff Lacks Standing to Bring the Fraudulent Conveyance Claim ...................................................................................................8

    C.  Plaintiff has Failed to State a Claim Against Bergan .........................9

        1.  Plaintiff has Failed to State an Alter Ego Claim .....................11

        2.  Plaintiff has Failed to State a Joint Enterprise Liability Claim 13

    D.  Plaintiff's Request for Punitive Damages and Attorney's Fees Should be Stricken ..........................................................................14

IV.  Conclusion.....................................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Abogados v. AT&T, Inc.*
   223 F.3d 932 (9th Cir. 2000) ...................................................................4

*In re Advanced Packaging and Products Co.*
   426 B.R. 806 (C.D. Cal. 2010) ...............................................................5

*Ahcom, Ltd. v. Smeding*
   623 F.3d 1248 (9th Cir. 2010) ................................................. 6, 8-9, 12

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009)......................................................................... 10, 14

*Associated General Contractors of California, Inc. v.*
   *California State Council of Carpenters*
   459 U.S. 519 (1983)...................................................................................10

*Bank of America v. Micheletti Family Partnership*
   2009 U.S. Dist. LEXIS 116893 (N.D. Cal. Feb. 26, 2009) ...............15

*Bell Atl. Corp. v. Twombly*
   550 U.S. 544 (2007).......................................................................... 10, 14

*CBS, Inc. v. Folks*
   211 B.R. 378 (B.A.P. 9th Cir. 1997) ................................................ 4-8

*Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*
   497 F.3d 972 (9th Cir. 2007) .................................................................10

*Chan v. Chancelor*
   2011 U.S. Dist. LEXIS 136099 (S.D. Cal. Nov. 28, 2011)................15

*Delgado Oil Co., Inc. v. Torres*
   785 F.2d 857 (10th Cir. 1986) ................................................................9

*Jacobsen v. Marin General Hosp.*
   192 F.3d 881 (9th Cir. 1999) .................................................................13

*Klaxon Co. v. Stentor Electric Mfg. Co.*
   313 U.S. 487 (1941)..................................................................................4

*Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*
  416 F.3d 940 (9th Cir. 2005) ............................................................... 10

*In re Mortgage Am. Corp.*
  714 F.2d 1266 (5th Cir. 1983) ................................................................. 9

*Moss v. United States Secret Serv.*
  572 F.3d 962 (9th Cir. 2009) ............................................................... 11

*Navarro v. Block*
  250 F.3d 729 (9th Cir. 2001) ............................................................... 10

*In re Nucorp Energy Sec. Litig.*
  661 F.Supp. 1403 (S.D. Cal. 1987) ......................................................... 4

*Sidney-Vinstein v. Robins Co.*
  697 F.2d 880 (9th Cir. 1983) ............................................................... 14

*Telesaurus VPC, LLC v. Power*
  623 F.3d 998 (9th Cir. 2010) ............................................................... 10

*Tomlinson v. Combined Underwriters Life Ins. Co.*
  2009 WL 2923010 (N.D. Okla. Sept. 9, 2009) ............................................. 12

*Transportation Alliance Bank, Inc. v. Arrow Trucking Co., et al.*
  766 F.Supp.2d 1188 (N.D. Okla. 2011) ................................................... 7-9

*U.S. ex rel. Chunie v. Ringrose*
  788 F.2d 638 (9th Cir. 1986) ............................................................... 10

**California Cases**

*College Hospital Inc. v. Superior Court*
  8 Cal.4th 704 (1994) ....................................................................... 14

*Hennessey's Tavern, Inc. v. American Air Filter Co.*
  204 Cal.App.3d 1351 (1988) ............................................................... 12

*Mesler v. Bragg Management Co.*
  39 Cal.3d 290 (1985) ....................................................................... 11

*Pan Pacific Sash & Door Co. v. Greendale Park, Inc.*
  166 Cal.App.2d 652 (1958) ................................................................ 11

*Practice Serv. Corp. v. HCA Health Servs*
    37 Cal.App.4th 1003 (1995) ................................................................ 9

*Stark v. Coker*
    20 Cal.2d 839 (1942) ........................................................................ 11

**Other State Cases**

*Barnes v. Okla. Farm Bureau Mut. Ins. Co.*
    11 P.3d 162 (2000) ........................................................................... 15

**Federal Statutes**

Internal Revenue Code § 368(a)(1)(D) .................................................. 2-4

**State Statutes**

California Civil Code § 3294 .................................................................. 14

California Civil Code § 3294(a) ............................................................. 14

California Civil Code § 3294(c) ............................................................. 14

California Civil Code § 3439 .................................................................. 8

California Code of Civil Procedure § 1021 ............................................. 15

California Code of Civil Procedure § 1033.5 .......................................... 15

Okla. Stat. Title 23-9.1 .......................................................................... 14

Okla. Stat. Title 24-112 .......................................................................... 8

**Rules**

Fed. R. Civ. P. 12(b)(1) .......................................................................... 9

Rule 12(b)(6) ................................................................................... 10, 13

Fed. R. Civ. P. 12(f) ........................................................................... 14-15

DEFENDANT BERGAN'S MEMO OF P&A'S IN SUPPORT OF MOTION TO DISMISS

1    Defendant Bergan, LLC, an Oklahoma limited liability company (hereinafter,

2  "Bergan") submits the following Memorandum of Points and Authorities in support of

3  its Motion to Dismiss the Two Causes of Action in the Complaint of Plaintiff Michael

4  Montgomery ("Plaintiff") as to Bergan.

5                    **I.        PROCEDURAL BACKGROUND**

6         In 2011, Plaintiff filed another action that is substantially similar to the instant

7  case: *Montgomery v. Blitz U.S.A., Inc. et al*, 11cv999 JLS (DHB), ("2011 *Montgomery*

8  Litigation").  The 2011 *Montgomery* Litigation was filed by David Montgomery,

9  individually and as guardian ad litem for Michael Montgomery ("Montgomery" or

10  "Plaintiff"), and contains identical factual allegations as the instant case; namely, that

11  Michael Montgomery was injured by an exploding Blitz plastic gasoline container on

12  June 20, 2002.  (*See Montgomery v. Blitz U.S.A., Inc. et al*, 11cv999 JLS (DHB), First

13  Am. Compl. at ¶¶ 8-14, 16, ECF No. 19; *Montgomery v. Wal-Mart Stores, Inc., et al*,

14  12cv3057 JLS (DHB), Compl. at ¶¶ 20-26, 12cv3057 JLS (DHB), ECF No. 1).

15         The 2011 *Montgomery* Litigation asserts products liability causes of action

16  against Blitz U.S.A., Inc. ("Blitz") and Blitz Acquisitions, LLC ("Blitz Acquisitions")

17  and remains pending although there is an automatic bankruptcy stay in place.  Bergan

18  was not a defendant in the 2011 *Montgomery* Litigation, and neither Blitz nor Blitz

19  Acquisitions is a defendant in the instant matter.  Both cases involve substantially the

20  same facts and the same questions of law regarding what liability may stem from the

21  alleged gasoline container explosion.  Although the cases are clearly related, Plaintiff

22  failed in his duty to file a notice of related case when filing this new suit.[1]

23         Indeed, rather than seek leave from the Court to amend the complaint in the

24  2011 *Montgomery* Litigation to add additional defendants and additional claims, or to

25  seek relief from the bankruptcy stay, Plaintiff filed this instant suit on December 24,

26  ────────────────

27  [1]    On February 28, 2013, this case was reassigned from the Honorable Judge M.
   James Lorenz and Magistrate Judge William V. Gallo to the Honorable Judge Janis L.
28  Sammartino and Magistrate Judge David H. Bartick pursuant to the low number rule.

1  2012, two days before Michael Montgomery's statute of limitations ran on December

2  26, 2012.  By maintaining both suits, Plaintiff continues to assert claims both in his

3  individual capacity in this suit, and through a guardian ad litem in the 2011

4  *Montgomery* Litigation.  Interestingly, Plaintiff's date of birth is December 26, 1992

5  (*See* 12cv3057 JLS (DHB), Compl. at 19); thus, he reached the age of majority on

6  December 26, 2010.  Although this was prior to the initiation of the 2011 *Montgomery*

7  Litigation, he appeared through a guardian ad litem.  To date, Plaintiff has also failed

8  to seek leave to correct the previous lawsuit.

9      It appears that this entire case is a last-minute, ill-conceived attempt to target

10  additional parties and to avoid the effect of the automatic stay in the previously filed

11  action.   For the reasons set forth below, Plaintiff has no viable claim against Bergan.

## II.     FACTUAL BACKGROUND

13      Plaintiff suffered burns in a June 20, 2002 fire.  (Compl. at ¶¶ 20, 21).  Plaintiff

14  alleges that a gasoline container manufactured by Blitz was negligently designed and

15  caused his injuries.  *Id*. at ¶ 25.  Plaintiff has identified the designer, manufacturer,

16  and retailer of the subject container, but in a shotgun approach has elected to sue

17  eleven (11) separate defendants including former Bergan, a former sister entity of

18  Blitz.

### A.     Relationship Between Bergan and the Subject Gas Can

20      In 2002, the year of the Montgomery incident, Blitz manufactured products for

21  sale in the automotive industry, including plastic gasoline cans, and in the pet

22  industry.  *See* Declaration of Eric Elmburg, manager of Bergan at ¶ 4, Exhibit A.  On

23  October 1, 2006, Blitz spun off its pet division in a Type D tax-free reorganization

24  pursuant to I.R.C. § 368(a)(1)(D).  Following the spinoff, Blitz and Bergan were

25  separate entities, each owned by the parent company, Crestwood Holdings, Inc., an

26  Oklahoma corporation ("Crestwood Holdings").  *See* Declaration of Eric Elmburg,

27  manager of Bergan at ¶ 5, Exhibit A

On September 21, 2007, Crestwood Holdings sold 100% of the Blitz stock to Blitz Acquisitions, a Delaware corporation, an entity completely unrelated to the Crestwood Holdings.  *Id*. at ¶ 12.  From and after September 21, 2007, Crestwood Holdings held neither a direct nor indirect ownership interest in Blitz.  *See* Declaration of Eric Elmburg, manager of Bergan at ¶¶ 7-8, Exhibit A.

### B.   Related Montgomery Litigation and the Blitz Bankruptcy

The 2011 *Montgomery* Litigation was filed on May 6, 2011.  On November 6, 2011, Blitz and Blitz Acquisitions filed for Chapter 11 bankruptcy protection in the matter styled:  *In re:  Blitz U.S.A., Inc. et al.*. 11-13603-PJW (Del. Bankr. Filed Nov. 6, 2011) (the "Blitz Bankruptcy").  The Blitz Bankruptcy is pending.  The automatic stay afforded by the Blitz Bankruptcy remains in place, and the 2011 *Montgomery* Litigation is stayed.  Bergan is not a party to the 2011 *Montgomery* Litigation and neither Blitz nor Blitz Acquisitions are parties in this matter.

### III.   ARGUMENT AND AUTHORITY

Plaintiff alleges that the 2006 spinoff of Bergan was a fraudulent conveyance and a device designed to raid Blitz of its assets.  However, such claims belong exclusively to the Blitz bankruptcy trustee.  Plaintiff lacks standing to bring this claim.

### A.   Plaintiff Lacks Standing to Bring Claims for Improperly Divesting Blitz of Corporate Assets Set Forth in its Seventh and Ninth Causes of Action.

In its Seventh and Ninth Causes of Action, Plaintiff alleges that the spinoff of the Blitz pet division into a separate entity, Bergan, was an improper division of Blitz into two separate entities, was fraudulent in nature, and was merely a scheme to divest Blitz of assets to "get the money out before the liability goes up."  Compl. at ¶¶ 43, 113, and 120.  However, Plaintiff lacks standing to assert such claim.  Blitz is in bankruptcy and is unable to pay its creditors.  Any improper divestiture of assets or fraudulent conveyance from a corporation damages the bankruptcy estate and all of Blitz' creditors.  Thus, assuming that Blitz improperly transferred its pet division to

1  Bergan pursuant to I.R.C. § 368(a)(1)(D) spinoff, as alleged, Blitz' bankruptcy trustee

2  has exclusive standing to bring such claim.

3       The Ninth Circuit Bankruptcy Appellate Panel, the Ninth Circuit Court of

4  Appeals, and the United States District Court for the Northern District of Oklahoma

5  all agree that the type of claims brought by the plaintiff in this action must be brought

6  by the trustee.  All three courts provide persuasive reasoning for this court[2].

7       In *CBS, Inc. v. Folks*, 211 B.R. 378, 384 (B.A.P. 9th Cir. 1997)(hereinafter

8  "*Folks*"), the court dismissed plaintiff's claims against the individual stockholder,

9  holding that the bankruptcy trustee had exclusive standing to bring such claim.  In

10  *Folks,* Byron Folks was the principal stockholder of BYCA Television Distribution,

11  Inc. ("BYCA").  CBS, Inc. ("CBS") was a BYCA creditor and joined with other

12  ───────────────

[2]     A federal court sitting in diversity jurisdiction applies the conflict of law rules
13  of the forum state to determine whether the law of the forum state, or some other law,
should govern the case.  *See Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487,
14  496–97, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).  In California, courts apply a three-part
governmental interest test.  *In re Nucorp Energy Sec. Litig.*, 661 F.Supp. 1403, 1412
15  (S.D. Cal. 1987) (citing *Hurtado v. Super. Ct.*, 11 Cal.3d 574, 579–80, 114 Cal.Rptr.
16  106, 522 P.2d 666 (1974)); *see also Abogados v. AT&T, Inc.*, 223 F.3d 932, 934 (9th
Cir. 2000).  "First, the court must determine whether there is in fact a conflict between
17  the competing jurisdictions since 'there is obviously no problem where the laws of the
18  two states are identical.'"  *In re Nucorp Energy Sec. Litig.*, 661 F.Supp. at 1412
(quoting *Hurtado*, 11 Cal.3d at 580, 114 Cal.Rptr. 106, 522 P.2d 666).
19       In this case, Plaintiff claims that he was injured by an exploding plastic gasoline
20  container in California and he has brought the case in the Southern District of
California.  However, Plaintiff has not asserted any claim against Bergan actually
21  stemming from his alleged injury.  The only claims asserted against Bergan seem to
22  include a claim that the 2006 spinoff of Bergan was fraudulent and a scheme to raid
Blitz of its corporate assets, all of which occurred in Oklahoma.  Plaintiff has sued
23  Bergan, an Oklahoma limited liability company.
24       Although there may be a choice of law issue raised by Plaintiff's attempt to sue
25  an Oklahoma limited liability company in California court through diversity
jurisdiction, each of Plaintiff's claims against Bergan fail under both California *and*
26  Oklahoma law.  Accordingly, there is no actual conflict between the competing
27  jurisdictions.  This motion addresses both California and Oklahoma law.

28

4

1   BYCA creditors to file an involuntary Chapter 7 against BYCA.  Several months later,

2   CBS brought a claim, individually, against Byron Folks.  CBS alleged that Byron

3   Folks was the alter ego of BYCA and, as such, was liable for BYCA's corporate

4   debts.

5         The *Folks* court differentiated between two types of alter ego claims.  The first

6   involves damage to all creditors of a corporation, called a "general" claim.  The

7   second involves only damage to one specific creditor, called a "personal" claim.  A

8   "personal" alter ego claim exists against stockholders where "the claimant himself is

9   harmed and no other claimant or creditor has an interest in the cause."  *In re Advanced*

10  *Packaging and Products Co*., 426 B.R. 806, 819 (C.D. Cal. 2010)(quoting *Koch Ref.*

11  *v. Farmers Union Cent Exch*., 831 F.2d 1339, 1348-49 (7th Cir. 1987), *cert. denied*,

12  485 U.S. 906 (1988).  Conversely, a "general" alter ego claim exists against

13  stockholders "[i]f the liability is to all creditors of the corporation without regard to

14  the personal dealings between such officers and such creditors."  *In re Folks,* 211 B.R.

15  at 387.  So, for example, if a stockholder is accused of diverting funds – thus

16  diminishing the bankruptcy estate for all creditors – it is a general claim belonging to

17  the bankruptcy trustee.

18        The *Folks* court held that when a corporation was in bankruptcy, an individual

19  plaintiff had standing to sue for a "personal" alter ego claim, but only the bankruptcy

20  trustee has standing to pursue a "general" alter ego claim:

21        If a claim is a general one, with no particularized injury arising from
          it, and if that claim could be brought by any creditor of the debtor,
22        the trustee is the proper person to assert the claim, and the creditors
          are bound by the outcome of the trustee's action.  *In re Folks*, 211
23        B.R. at 387 (quoting *Kalb, Voorhis & Co. v. American Financial
          Corp.*, 8 F.3d 130 (2nd Cir. 1993)(citing *St. Paul Fire and Marine
24        Ins. Co. v. PepsiCo Inc.*, 884 F.2d 688, 700-01 (2nd Cir. 1989).

25        Plaintiff sues Bergan for injuries related to the June 20, 2002, fire.  At

26  paragraphs 33-48 of his Complaint, titled:  "The Defendants Elmburgs' and Flick's

27  Actions to Get the Money Out of Blitz U.S.A., Inc.," Plaintiff alleges that the

28

defendants siphoned off monies from Blitz through the Bergan spinoff, intending to leave Blitz without assets and its creditors without recovery.

Assuming these allegations have merit, they establish that the claim is "general."  Therefore, the trustee in the Blitz Bankruptcy has **exclusive** standing to bring such claim for the benefit of all Blitz creditors.  Plaintiff lacks standing, and this Court should dismiss plaintiff's claims against Bergan.

In *Ahcom, Ltd, supra*, the Ninth Circuit examined the *In re Folks* decision with meticulous care.  After noting that the Ninth Circuit Bankruptcy Appellate Panel which decided Folks is persuasive – but not controlling – authority on the Ninth Circuit (See *Ahcom, Ltd., supra*, at 1251-52) it held that an analysis of "general" and "personal" alter ego claims is not necessary.  Instead, it found that the more persuasive analysis is whether the actions complained of caused an injury to the corporation; if so, the action belongs to the trustee.

> A Chapter 11 bankruptcy trustee has a special role.  The trustee "stands in the shoes of the bankrupt corporation and has standing to bring any suit that the bankrupt corporation could have instituted had it not petitioned for bankruptcy." [citations omitted]
>
> * * *
>
> When the trustee does have standing to assert a debtor's claim, that standing is exclusive and divests all creditors of the power to bring the claim.  *Estate of Spirtos v. One San Bernardino Cnty. Superior Court Case*, 443 F.3d 1172, 1176 (9th Cir. 2006)

*Ahcom, supra*, at 1248.  The court then identified examples of such corporate injury, including fraudulent and preferential transfers, conversion of corporate assets, and personal misappropriation of corporate monies.  Ultimately, the court concluded that Ahcom's claims (for enforcement of a pre-bankruptcy arbitration award and for breach of contract) were not corporate injury claims.

The *Ahcom* court also took issue with the plaintiff's contention that there is a general alter ego claim in California, concluding there is no such claim:

> . . . [N]o California court has recognized a freestanding general alter ego claim that would require a shareholder to be liable for all of a

company's debts and, in fact, the California Supreme Court stated that such a cause of action does not exist.  [citation omitted]

Ahcom's conclusion is squarely on point.  There is no separate alter ego claim in California, and to the extent that the claims brought in the instant case are viable, they fall squarely within the definition of a "corporate injury" claim; thus, the authority to pursue them rests solely with the bankruptcy trustee.

Oklahoma courts conduct an analysis that is consistent with *Folks*, and hold that a bankruptcy trustee has exclusive standing to bring general alter ego claims against a bankrupt corporation's officers, directors, and shareholders.  *Transportation Alliance Bank, Inc. v. Arrow Trucking Co.*, *et al*., 766 F.Supp.2d 1188 (N.D. Okla. 2011) (hereinafter "*TAB*").

Arrow Trucking Company ("Arrow Trucking") filed for Chapter 7 bankruptcy protection on January 8, 2010, in the United States Bankruptcy Court for the Northern District of Oklahoma.  At the time of its bankruptcy filing, Arrow Trucking owed Transportation Alliance Bank, Inc. ("TAB") over $12 million.  TAB sued Carol Pielsticker and other individual defendants in the United States District Court for the Northern District of Oklahoma.  TAB alleged that Pielsticker was an owner and former Chairman of the Board of Arrow Trucking and used that position to effectively drain Arrow Trucking of its assets, ultimately leading to its insolvency.  TAB asserted a variety of different theories against Pielsticker, including Breach of Fiduciary Duty and Good Faith, Breach of Fiduciary Duty to Arrow's Creditors, Fraudulent Transfers, and Recovery of Unlawful Dividends.  *TAB* at 1195-96.  Pielsticker filed a Motion to Dismiss TAB's claims against her for lack of standing.  Pielsticker asserted that only the Arrow Trucking Bankruptcy Trustee had standing to assert such claims.

The *TAB* court agreed with Pielsticker, dismissed the claims against her, and awarded attorney fees and costs against the plaintiff, holding:

The ultimate determination of whether this remedy is part of the debtor's estate depends on whether placing this right of action within the estate will further federal bankruptcy policies.  [S]ince the

Bankruptcy Code's ultimate goal is to balance the equities and interests of all affected parties involved in a bankruptcy case, it should be construed so as to prevent one creditor from recovering a fund rightfully belonging to other creditors similarly situated. Because a successful alter ego action results in a finding that the defendants are personally liable for all corporate debts, the bankruptcy trustee is logically the proper party to bring an alter ego right of action in the first instance. *Transp. Alliance Bank, Inc. v. Arrow Trucking Co.*, 766 F. Supp.2d 1188 (N.D. Okla. 2011) (citing *ANR Ltd. Inc. v. Chattin*, 89 B.R. 898,900 (D. Utah 1988)).

Like the *Folks* court in California, the *TAB* court in Oklahoma distinguished between "personal" alter ego claims and "general" alter ego claims, holding that "general" alter ego claims for mismanagement, breach of fiduciary duty, or draining corporate assets must be brought by the bankruptcy trustee, and the resulting recovery should benefit all creditors of the bankruptcy estate. *Id.* at 1199.

Plaintiff claims that the Bergan spinoff was part of a grand scheme to drain or siphon off Blitz assets and limit creditors' recovery. Therefore, pursuant to the holdings in *Folks* and *TAB*, such claims are not personal to Montgomery; rather, they affect all creditors. Similarly, pursuant to the holding in *Ahcom*, the claims brought by the plaintiff are of the type that allegedly cause injury to the corporation. Therefore, under each of the three cases, the trustee in the Blitz bankruptcy has **exclusive** standing to assert claims against Bergan.

## B.   Plaintiff Lacks Standing to Bring the Fraudulent Conveyance Claim

Although the Complaint is not clear, Plaintiff seems to assert that the corporate spinoff of the Blitz pet division to Bergan constituted a fraudulent transfer i.e., that the transfer of Blitz pet-related assets to an affiliated entity was not supported by adequate consideration and was intended to defraud creditors. California has adopted the Uniform Fraudulent Transfer Act.[3]  *See* Cal. Civ. Code § 3439.  Where it is alleged that a director or owner of a bankrupt company fraudulently conveyed assets of the company, only the trustee of the company has standing to assert the claim.  *See*

---

[3]   The Uniform Fraudulent Transfer Act has been adopted by a majority of the states including Oklahoma. *See* Okla. Stat. Title 24-112.

1   *Practice Serv. Corp. v. HCA Health Servs*, 37 Cal.App.4th 1003, 1006 (1995) (citing

2   *Koch Refining v. Farmers Union Cent. Exchange, Inc.* 831 F.2d 1339, 1350 (7th Cir.

3   1987) (regarding misuse of corporate form by fiduciaries); *Delgado Oil Co., Inc. v.*

4   *Torres*, 785 F.2d 857, 860 (10th Cir. 1986) (regarding a claim to void preferential

5   transfers); *In re Mortgage Am. Corp.*, 714 F.2d 1266 (5th Cir. 1983) (regarding

6   fraudulent transfer under the Uniform Fraudulent Transfer Act ).

7           In *Practice Serv. Corp,* the California Appellate Court explained that where a

8   bankrupt corporation is sued for fraudulent conveyance conduct detrimental to the

9   bankrupt corporation, *only the trustee in bankruptcy* may bring the claim.  Plaintiff

10  alleges that the Bergan spinoff was fraudulent in that it was intended to defraud

11  creditors.  Compl. at ¶ 149.  This is precisely the type of fraudulent conveyance which

12  only the trustee of the company has standing to assert.  *Practice Serv. Corp.*, 37

13  Cal.App.4th at 1006.  Accordingly, Plaintiff's Ninth Cause of Action for fraudulent

14  conveyance must be dismissed.  The outcome is the same when applying Oklahoma

15  law.  *See Trans. Alliance Bank, Inc. v. Arrow Trucking Co.*, *supra*, at 1200.

16          *Ahcom, supra,* is in accord, noting that fraudulent conveyance is a claim which

17  only the trustee has standing to assert.  *See, Ahcom, Ltd., supra*, at 1252.  Accordingly,

18  there is no question that Plaintiff's claim for fraudulent conveyance fails for lack of

19  standing.  Plaintiff's ninth cause of action for fraudulent conveyance must be

20  dismissed for lack of standing pursuant to Fed. R. Civ. P. 12(b)(1).

21          **C.**     **Plaintiff has Failed to State a Claim Against Bergan**

22          Plaintiff's Seventh Cause of Action, headed:  "Piercing the Corporate Viel (sic)

23  and Joint Enterprise Liability" generally alleges that (a) Bergan participated in a

24  business strategy to "get the money out [of Blitz] before the liability goes up" and (b)

25  stockholders of Blitz disregarded corporate formalities in their actual operations.

26  (Compl. at ¶¶ 108-127).  As set forth above, Plaintiff lacks standing to bring any claim

27  related to fraudulent conveyance or misappropriation of corporate assets; any such

28  claim belongs exclusively to the Blitz bankruptcy trustee.  To the extent Plaintiff's

1  Seventh Cause of Action seeks to assert a substantive cause of action to pierce the

2  corporate veil, it fails under Rule 12(b)(6).

3      A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to

4  state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  A motion to

5  dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*,

6  250 F.3d 729, 732 (9th Cir. 2001).  The court must accept all allegations of material

7  fact as true and construe them in the light most favorable to the nonmoving party.

8  *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.,* 497 F.3d 972, 975

9  (9th Cir. 2007).

10      However, the court 'need not assume the truth of legal conclusions cast in the

11  form of factual allegations,' *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643, n. 2

12  (9th Cir.1986), and must not 'assume that the [plaintiff] can prove facts that it has not

13  alleged or that the defendants have violated . . . laws in ways that have not been

14  alleged.' *Associated General Contractors of California, Inc. v. California State*

15  *Council of Carpenters*, 459 U.S. 519, 526 (1983).  A court need not permit an attempt

16  to amend if 'it is clear that the complaint could not be saved by an amendment.' *Livid*

17  *Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir 2005)". *Id.*

18  at *7-8.

19      To state a claim for relief sufficient to survive a Rule 12(b)(6) motion,

20  "[f]actual allegations must be enough to raise a right to relief above the speculation

21  level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Threadbare recitals of

22  the elements of a cause of action, supported by mere conclusory statements, do not

23  suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

24      To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual

25  matter, accepted as true, to state a claim to relief that is plausible on its face[.]"

26  *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (citations

27  omitted).  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory

28  'factual content,' and reasonable inferences from that content, must be plausibly

1  suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret*

2  *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

3                 1.     Plaintiff has Failed to State an Alter Ego Claim

4        Alter ego is a *procedural process* in California where courts disregard the

5  corporate entity and hold stockholders responsible for acts done in the name of the

6  corporation; however, it is *not a separate cause of action*.  Therefore, Plaintiff cannot

7  state an alter ego claim against Bergan.

8        As the California Supreme Court has explained:

9           As the separate personality of the corporation is a statutory

10           privilege, it must be used for legitimate purposes and must not be
   perverted.  When it is abused it will be disregarded and the

11           corporation looked at as a collection or association of individuals,
   so that the corporation will be liable for acts of the stockholders or

12           the stockholders liable for acts done in the name of the corporation.

13  *Mesler v. Bragg Management Co.* (1985) 39 Cal.3d 290, 300.

14        "There is no litmus test to determine when the corporate veil will be pierced;

15  rather the result will depend on the circumstances of each particular case." *Mesler,*

16  *supra,* at 300.  "The essence of the alter ego doctrine is that justice be done." *Id*. at

17  301.  There are two general requirements to "pierce the corporate veil" or find "alter-

18  ego liability":

19           (1) that there be such unity of interest and ownership that the

20           separate personalities of the corporation and the individual no
   longer exist and (2) that, if the acts are treated as those of the

21           corporation alone, an inequitable result will follow.

22  *Mesler, supra*, at 300, *quoting, Automotriz Del Golfo De California S.A. v. Resnick*

23  (1957) 47 Cal.2d 792, 796).  With respect to the second requirement, a plaintiff must

24  show that "the recognition of the two entities as separate would result in an injustice,"

25  *Pan Pacific Sash & Door Co. v. Greendale Park, Inc.* (1958) 166 Cal.App.2d 652,

26  659, or would "produce inequitable results." *Stark v. Coker* (1942) 20 Cal.2d 839,

27  846.

28

1      However, "[a]n alter ego defendant has no separate primary liability to the

2  plaintiff."  *Hennessey's Tavern, Inc. v. American Air Filter Co.* (1988) 204

3  Cal.App.3d 1351, 1358-59 (explaining that "is not itself a claim for substantive relief"

4  but rather that it is procedural in that it "hold[s] the alter ego individuals liable on the

5  obligations of the corporation where the corporate form is being used by the

6  individuals to escape personal liability, sanction a fraud, or promote injustice.").  The

7  Ninth Circuit has also held that "there is no such thing as a substantive alter ego claim

8  . . . ."  *Ahcom, Ltd. v. Smeding*, 623 F.3d 1248, 1251 (9th Cir. 2010).  Accordingly, a

9  claim for alter ego cannot survive when asserted alone.  *Id.*, at 1251; *Hennessey's*

10  *Tavern, Inc.,* 204 Cal.App.3d at 1358-59.  Oklahoma law also holds that alter ego

11  claims do not support a substantive cause of action.  *See Tomlinson v. Combined*

12  *Underwriters Life Ins. Co.,* 2009 WL 2923010, at *4 n. 2 (N.D. Okla. Sept. 9, 2009)

13  (citation omitted).

14      The alter ego theory espoused by Plaintiff is not a new assertion.  In the 2011

15  *Montgomery* Litigation, Plaintiff alleged alter ego in the First Amended Complaint.

16  *See* 11cv999 JLS (DHB), ECF No. 19 at ¶ 47-48.  However, the parties stipulated to

17  strike the alter ego count, and the Court signed an order confirming same.  *Id*. at ECF

18  No. 21 at 2; ECF No. 23 at 1.  Presumably, Plaintiff understood he could not state a

19  separate claim for alter ego; the same is true in this action.

20      Plaintiff's claims for alter ego in this action are even more attenuated than they

21  were in the 2011 *Montgomery* Litigation because Blitz is not a party, Plaintiff has not

22  made any substantive claims against Bergan,[4] and Bergan is not and never has been a

23  Blitz stockholder.  There is simply no underlying claim for which Bergan could

24  potentially be liable through an alter ego theory.  There isn't even a corporation

25  named; thus, "piercing the corporate veil" is impossible.  Plaintiff's Seventh Cause of

26  Action must be dismissed for failure to state a claim.

27  _____

[4]      As noted, Blitz is in bankruptcy, is entitled to a bankruptcy stay, and Plaintiff
28  has not obtained leave to pursue any claims against Blitz or its current or former
shareholders.

2. <u>Plaintiff has Failed to State a Joint Enterprise Liability Claim</u>

It is unclear whether Plaintiff is attempting to allege a separate claim for "joint enterprise liability" in the Seventh Cause of Action.  If so, Plaintiff has failed to state a claim pursuant to Rule 12(b)(6).  To state a claim for joint enterprise, Plaintiff must allege facts to demonstrate that each defendant "had the right of control over the other," and that "a community of interests in a common undertaking [occurred in which Defendants] had or exercised the right of equal or joint control and direction." *Jacobsen v. Marin General Hosp.*, 192 F.3d 881, 886 (9th Cir. 1999) (citing *Christensen v. Sup. Ct.*, 54 Cal.3d 868, 893 (1991)). "It is not sufficient that the parties have certain plans in common, but the community of interests must be such that each is entitled to be heard in the control of the enterprise." *Id*.

Plaintiff has not alleged any facts to show that John Elmburg, Robert Elmburg, Eric Elmburg, Rocky Fick, Crestwood Holdings, and Bergan had the right to control each other, or that they had a community of interest in a common undertaking in which they exercised their right of equal control.  Plaintiff's allegations that defendants had certain plans in common is insufficient to state a claim for joint enterprise liability. *Jacobsen*, supra, at 886.  To the extent that Plaintiff seeks to assert a separate cause of action against Bergan for joint enterprise liability, Plaintiff has failed to state a claim.

For all of these reasons, Plaintiff's Seventh Cause of Action for "piercing the corporate veil and joint enterprise liability must be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

### D.   **Plaintiff's Request for Punitive Damages and Attorney's Fees Should be Stricken**

In addition, Plaintiff's demand for punitive damages and for attorneys' fees and costs are improper and should be stricken pursuant to Fed. R. Civ. P. 12(f).[5]   Under California law, punitive damages are specifically authorized by statute only in limited circumstances.   Civil Code § 3294 imposes a strict burden on a party seeking to recover punitive damages.   Civil Code § 3294 (a) states:

> In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.[6]

This section defines "malice," "oppression," and "fraud" as requiring "despicable conduct" or "intentional misrepresentation, deceit or concealment of a material fact known to the defendant" with the "intent" on the part of the defendant to cause injury. Civil Code §3294(c); *College Hospital Inc. v. Superior Court*, 8 Cal.4th 704, 725 (Cal. 1994)("As amended to include this word ['despicable'], the statute plainly indicates that absent an intent to injure the plaintiff, 'malice' requires *more than a willful and conscious disregard* of the plaintiffs' interests.   The additional component of 'despicable conduct' must be found.").

Plaintiff has alleged an ordinary alter ego theory and fraudulent conveyance theory.   Plaintiff fails to allege the necessary despicable conduct to meet the federal pleading standards as clarified by *Iqbal* and *Twombly*.   Plaintiff does not even allege threadbare recitals of the necessary punitive damages standard, let alone fact based allegations demonstrating a plausible right to such relief.   Accordingly, because the

---

[5]   Fed. R. 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.   The purpose of a Rule 12(f) motion is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."   *Sidney-Vinstein v. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

[6]   *See also* Okla. Stat. Title 23-9.1 (requiring a clear and convincing finding that defendant acted intentionally and with malice).

Complaint fails to adequately allege despicable conduct necessary to advance a claim for punitive damages under California law, Plaintiff's demand for punitive damages is improper, and the motion to strike this demand should be granted. *See Chan v. Chancelor*, No. 09-cv-01839, 2011 U.S. Dist. LEXIS 136099, at **6-8 (S.D. Cal. Nov. 28, 2011) (granting Fed. R. Civ. P. 12(f) motion to strike request for punitive damages where complaint failed to allege any conduct justifying such an award under California law).

With regard to attorneys' fees and costs: "Federal courts are required to apply state law in diversity actions with regard to the allowance or disallowance of attorney fees." *Bank of America v. Micheletti Family Partnership*, 2009 U.S. Dist. LEXIS 116893, 2009 WL 1110830, at *2 (N.D. Cal. Feb. 26, 2009), *quoting, Michael-Regan Co., Inc. v. Lindell*, 527 F.2d 653, 656 (9th Cir. 1975), and *citing Crommie v. State of California Public Utilities Comm.*, 840 F. Supp. 719, 721 (N.D. Cal. 1994)).

Plaintiff has failed to show that he is entitled to attorney's fees as a matter of law. Under California Code of Civil Procedure sections 1021 and 1033.5, each party to a civil action must bear its own legal fees unless otherwise provided for by agreement, statute, or law.[7] In the Complaint, Plaintiff has not attached or alleged any agreement between himself and Bergan which would support an award of attorney's fees. Moreover, Plaintiff has failed to assert any statute or law that would entitle Plaintiff to recover attorney's fees from Bergan. Accordingly, Plaintiff's request for attorney's fees from Bergan is improper and must be stricken. *See* Cal. Code. Civ. P. §§ 1021 and 1033.5.

Plaintiff's request for punitive damages and attorneys' fees and costs against Bergan must be stricken pursuant to Fed. R. Civ. P. 12(f).

/ / /

---

[7]   Oklahoma law also requires each party to bear its own legal fees unless otherwise provided for by agreement, statute, or law. *See Barnes v. Okla. Farm Bureau Mut. Ins. Co.*, 11 P.3d 162, 178-79 (2000).

1

## IV.  <u>CONCLUSION</u>

2       For the reasons set forth above, Defendant Bergan moves that this Court

3   dismiss each of Plaintiff's claims against Bergan, and for such other and further relief

4   to which said defendant is entitled.

5   Dated: March 6, 2013                    **DUANE MORRIS LLP**

6

7                              By:_____/s/ Patricia P. Hollenbeck_____
                                   Patricia P. Hollenbeck
8                                  Rebecca G. Church
                                   David E. Jones
                                   Attorneys for JOHN ELMBURG, ROBERT
9                                  ELMBURG, ERIC ELMBURG, ROCKY
                                   FLICK, CRESTWOOD HOLDINGS,
10                                 INC., and BERGAN, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28