1

2

3

4

5

6

7

8        **UNITED STATES DISTRICT COURT**

9        **SOUTHERN DISTRICT OF CALIFORNIA**

10   MICHAEL MONTGOMERY,                    CASE NO. 12CV3057 JLS (DHB)

11                            Plaintiff,    **ORDER (1) GRANTING MOTIONS
                                            TO DISMISS; AND, (2) DENYING**
12        vs.                               **AS MOOT MOTIONS TO STRIKE**

13   WAL-MART STORES, INC.;                 (ECF Nos. 29, 31, 40, 41, and 42)
     KINDERHOOK INDUSTRIES II,
14   L.P.; KINDERHOOK INDUSTRIES,
     L.L.C.; KINDERHOOK CAPITAL
15   FUND II, L.P.; CRESTWOOD
     HOLDINGS, INC.; BERGAN, L.L.C.;
16   JOHN ELMBURG; ROBERT
     ELMBURG; ERIC ELMBURG;
17   ROCKY FLICK; HOME DEPOT
     U.S.A., INC.; DOES 1 through 20
18   inclusive,

19                            Defendants.

20

21           Presently before the Court are five factually and legally similar motions to

22   dismiss filed by Defendants Robert Elmburg, John Elmburg, Eric Elmburg, Rocky

23   Flick ("Flick"), Bergan, L.L.C. ("Bergan"), and Crestwood Holdings, Inc.

24   ("Crestwood Holdings," and collectively, "the Oklahoma Defendants").  (ECF Nos.

25   29, 31, 40, 41, and 42).  Also before the Court is Plaintiff Michael Montgomery's

26   ("Plaintiff," or "Montgomery") consolidated response in opposition, (Resp. in

27   Opp'n, ECF No. 51), and the Oklahoma Defendants' consolidated reply in support,

28   (Reply in Supp., ECF No. 56).  A sixth motion to dismiss, (ECF No. 46), was also

                                      - 1 -                              12cv3057

1  filed by Defendants Kinderhook Industries II, L.P., Kinderhook Industries, L.L.C.,

2  and Kinderhook Capital Fund II, L.P., ("the Kinderhook Defendants"), but all case

3  activity with respect to those parties has been stayed pending finalization of a

4  settlement agreement.

5       Having considered the parties' arguments and the law, the Court **GRANTS**

6  the Oklahoma Defendants' motions to dismiss.  Plaintiff's Seventh and Ninth Causes

7  of Action are **DISMISSED WITHOUT PREJUDICE**.

8                                **BACKGROUND**

9       In this products liability action, Plaintiff, a California resident, has sued

10  eleven separate defendants allegedly responsible for the distribution and sale of

11  defective portable gasoline containers designed and manufactured by Blitz U.S.A.,

12  Inc. ("Blitz").  Plaintiff's claims arise from a June 20, 2002 accident in which he

13  suffered severe injuries and burns from the explosion of a Blitz gas container.

14       On May 6, 2011, Plaintiff filed a prior action against Blitz, arising from this

15  incident.  *See Montgomery v. Blitz U.S.A., Inc.*, 11CV999 JLS (DHB).  This

16  litigation was stayed on November 10, 2011 due to Blitz's filing of a bankruptcy

17  petition in the U.S. Bankruptcy Court for the District of Delaware.  Blitz's

18  bankruptcy proceedings remain pending and the prior litigation remains subject to an

19  automatic stay.

20       On December 24, 2012, Plaintiff filed this lawsuit, targeting retailers of

21  Blitz's gas containers, including Wal-Mart Stores, Inc. and Home Depot U.S.A.,

22  Inc., as well as several other entities related to Blitz.  The motions to dismiss

23  currently pending before the Court involve Plaintiff's claims against three former

24  Blitz stockholders, a current Blitz officer, Blitz's former parent company, and a

25  company formerly related to Blitz that now manufactures and sells pet products.  All

26  six Defendants reside in Oklahoma.  Plaintiff brings no claims against Blitz in the

27  current action, nor are any of the Oklahoma Defendants named as defendants in the

28  prior litigation.

1    The Oklahoma Defendants each have an extensive business relationship with

2  Blitz.  Defendant John Elmburg and his wife, or their respective living trusts,

3  formerly owned a majority interest in Blitz, and their sons, Defendants Robert

4  Elmburg and Eric Elmburg, each owned a minority interest.  In October 2005, the

5  Elmburgs exchanged their Blitz stock for equal shares of stock in Defendant

6  Crestwood Holdings, which subsequently served as the parent corporation of Blitz

7  until September 2007.  From October 2005 to September 2007, John Elmburg and

8  his wife owned a majority interest in Crestwood Holdings, and Robert and Eric

9  Elmburg each owned a minority interest.  Crestwood Holdings then sold all of its

10  Blitz stock in September 2007 to an unrelated entity, Blitz Acquisitions.  The

11  Elmburgs ceased to have any direct or indirect ownership interest in Blitz at that

12  time, as did Crestwood Holdings.

13    Defendant Flick is currently the Chief Executive Officer of Blitz and formerly

14  held the positions of Vice President of Sales & Marketing, Vice President, General

15  Manager, and President.  Flick began his employment with Blitz in 1988 and

16  remains employed with Blitz to this day.

17    Finally, Defendant Bergan is a manufacturer of pet products that was spun off

18  from Blitz in October 2006.  Following the spinoff, Blitz and Bergan were separate

19  entities, each owned by the parent company, Crestwood Holdings.

20    Plaintiff alleges that the Elmburgs and Flick were "active participants who

21  directed and controlled . . . [Blitz's] decision to sell portable gas containers knowing

22  the risk posed to consumers" and "strategically used [the named] corporate

23  defendants as their own to transfer assets in the face of mounting litigation [against

24  Blitz] in exchange for personal profit."  (Resp. in Opp'n 1–2, ECF No. 51).  The

25  Oklahoma Defendants in turn move to dismiss the claims against them for lack of

26  personal jurisdiction, failure to state a claim, and lack of standing, and also move to

27  strike Plaintiff's request for punitive damages and attorney's fees.

28  ///

1    **MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

2    **1. Legal Standard**

3    Federal Rule of Civil Procedure 12(b)(2) allows district courts to dismiss an

4    action for lack of personal jurisdiction.  "Where defendants move to dismiss a

5    complaint for lack of personal jurisdiction, plaintiffs bear the burden of

6    demonstrating that jurisdiction is appropriate."  *Dole Food Co. Inc. v. Watts*, 303

7    F.3d 1104, 1108 (9th Cir. 2002).  "The court may consider evidence presented in

8    affidavits to assist in its determination and may order discovery on the jurisdictional

9    issues."  *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (citing *Data Disc,*

10   *Inc. v. Sys. Tech. Ass'n, Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977)).  "When a district

11   court acts on the defendant's motion to dismiss without holding an evidentiary

12   hearing, the plaintiff need make only a prima facie showing of jurisdictional facts to

13   withstand a motion to dismiss."  *Id.* (citing *Ballard v. Savage*, 65 F.3d 1495, 1498

14   (9th Cir. 1995)); *see also Data Disc*, 557 F.2d at 1285 ("[I]t is necessary only for

15   [the plaintiff] to demonstrate facts which support a finding of jurisdiction in order to

16   avoid a motion to dismiss.").

17   "Unless directly contravened, [Plaintiff's] version of the facts is taken as true,

18   and 'conflicts between the facts contained in the parties' affidavits must be resolved

19   in [Plaintiff's] favor for purposes of deciding whether a prima facie case for personal

20   jurisdiction exists.'"  *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*,

21   328 F.3d 1122, 1129 (9th Cir. 2003) (citing *Unocal Corp.*, 248 F.3d at 922); *see also*

22   *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000)

23   ("Because the prima facie jurisdictional analysis requires us to accept the plaintiff's

24   allegations as true, we must adopt [Plaintiff]'s version of events . . . .").  A court may

25   not, however, "assume the truth of allegations in a pleading which are contradicted

26   by affidavit."  *Alexander v. Circus Enters., Inc.*, 972 F.2d 261, 262 (9th Cir. 1992)

27   (internal quotations omitted).

28   California's long-arm jurisdictional statute permits the exercise of personal

1    jurisdiction so long as it comports with federal due process.  *See* Cal. Civ. Proc.

2    Code § 410.10; *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01

3    (9th Cir. 2004).  "For a court to exercise personal jurisdiction over a nonresident

4    defendant, that defendant must have at least 'minimum contacts' with the relevant

5    forum such that the exercise of jurisdiction 'does not offend traditional notions of

6    fair play and substantial justice.'"  *Fred Martin Motor*, 374 F.3d at 801 (quoting

7    *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (internal quotation marks

8    omitted).

9    **2. Analysis**

10   The Oklahoma Defendants move to dismiss the claims against them for lack

11   of personal jurisdiction.[1]  They contend that Plaintiff has failed to allege facts

12   establishing that they have sufficient contacts with California to satisfy due process.

13   A federal district court may exercise either general or specific personal

14   jurisdiction.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408,

15   414–15 (1984).  To establish general jurisdiction, a plaintiff must demonstrate that

16   the defendant has the kind of "continuous and systematic" contacts with the forum

17   state that "approximate physical presence."  *Bancroft & Masters, Inc. v. Augusta*

18   *Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).  A plaintiff may rely on such factors

19   as whether the defendant makes sales, solicits, or engages in business in the forum

20   state, serves the state's markets, designates an agent for service of process, holds a

21   license, or is incorporated there.  *See id.*  A defendant whose contacts with the forum

22   are substantial, continuous, and systematic is subject to a court's jurisdiction even if

23   the suit concerns matters not arising out of his contacts with the forum.  *See*

24   *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114,

25   1123 (9th Cir. 2002).

26   To establish specific personal jurisdiction, a plaintiff must plead that (1) the

27

28   _____

[1] Bergan is the only one of the Oklahoma Defendants that apparently concedes personal jurisdiction and does not move to dismiss on this ground.

1  defendant has purposefully directed his activities to, or consummated some

2  transaction with, the forum or a resident thereof; or performed some act by which he

3  purposefully availed himself of the privilege of conducting activities in the forum,

4  thereby invoking the benefits and protections of its laws; (2) the claim is one that

5  arises out of or relates to the defendant's forum-related activities; and (3) the

6  exercise of jurisdiction comports with notions of fair play and substantial justice.

7  *Dole Food,* 303 F.3d at 1111.

8      Here, Plaintiff's complaint alleges that the Oklahoma Defendants purposefully

9  directed their activities toward California by introducing defective gasoline

10  containers into the stream of commerce with knowledge that doing so would harm

11  consumers located in California.  Plaintiff's theory appears to be that Blitz's sale of

12  defective gas containers in California establishes personal jurisdiction over the

13  Oklahoma Defendants because (1) they directly participated in, controlled, or

14  specifically authorized Blitz's sales of the defective products such that they are

15  individually liable for tortious conduct, or (2) they operated and utilized Blitz's

16  corporate entity without regard for corporate formalities, such that the "alter ego," or

17  "veil-piercing," doctrine should apply.

18      Plaintiff's allegations are insufficient to establish specific jurisdiction,

19  however, because Plaintiff's claims against the Oklahoma Defendants do not arise

20  from their alleged forum-related activities.  Although Plaintiff maintains in his

21  opposition that he is suing the Oklahoma Defendants because they injured him by

22  distributing a defective gasoline container, Plaintiff's complaint in fact alleges only

23  two causes of action against the Oklahoma Defendants: (1) "Piercing the Corporate

24  Veil and Joint Enterprise Liability," and (2) "Fraudulent Conveyance."  According

25  to Plaintiff's complaint, these claims arise from the Oklahoma Defendants' alleged

26  diversion of Blitz's corporate funds and efforts to avoid products liability by abusing

27  and manipulating Blitz's corporate form—conduct that occurred, if at all, entirely

28  outside of California.  Thus, the relationship between Plaintiff's claims and the

12cv3057

1  Oklahoma Defendants' forum-related contacts is too tenuous to support specific

2  personal jurisdiction.  *See Doe v. Am. Nat. Red Cross*, 112 F.3d 1048, 1051–52 (9th

3  Cir. 1997) (noting that, in the Ninth Circuit, a claim is related to a defendant's

4  forum-related activities if the plaintiff would not have a cause of action "but for" the

5  defendant's contacts with the forum).

6        Plaintiff's allegations are also insufficient to establish general jurisdiction

7  over the Oklahoma Defendants.  The Oklahoma Defendants' alleged participation in,

8  or control over, Blitz's introduction of defective gas containers into the stream of

9  commerce, without more, does not establish the type of "substantial, continuous, and

10 systematic" contacts that approximate physical presence and justify the exercise of

11 general personal jurisdiction.  Accordingly, the Court **GRANTS** the motions to

12 dismiss for lack of personal jurisdiction.

13             **MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM**

14 **1. Legal Standard**

15       Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion

16 the defense that the complaint "fail[s] to state a claim upon which relief can be

17 granted," generally referred to as a motion to dismiss.  The Court evaluates whether

18 a complaint states a cognizable legal theory and sufficient facts in light of Federal

19 Rule of Civil Procedure 8(a), which requires a "short and plain statement of the

20 claim showing that the pleader is entitled to relief."  Although Rule 8 "does not

21 require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned,

22 the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662,

23 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In other

24 words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

25 relief' requires more than labels and conclusions, and a formulaic recitation of the

26 elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (citing

27 *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Nor does a complaint suffice if it

28 tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556

1   U.S. at 677(citing *Twombly*, 550 U.S. at 557).

2        "To survive a motion to dismiss, a complaint must contain sufficient factual

3   matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*

4   (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6).  A claim is

5   facially plausible when the facts pled "allow[] the court to draw the reasonable

6   inference that the defendant is liable for the misconduct alleged." *Id.*  (citing

7   *Twombly*, 550 U.S. at 556).  That is not to say that the claim must be probable, but

8   there must be "more than a sheer possibility that a defendant has acted unlawfully."

9   *Id.*  Facts "'merely consistent with' a defendant's liability" fall short of a plausible

10  entitlement to relief.  *Id.*  (quoting *Twombly*, 550 U.S. at 557).  Further, the Court

11  need not accept as true "legal conclusions" contained in the complaint.  *Id.*  This

12  review requires context-specific analysis involving the Court's "judicial experience

13  and common sense." *Id.* at 678 (citation omitted).  "[W]here the well-pleaded facts

14  do not permit the court to infer more than the mere possibility of misconduct, the

15  complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to

16  relief.'" *Id.*

17       Moreover, "for a complaint to be dismissed because the allegations give rise

18  to an affirmative defense[,] the defense clearly must appear on the face of the

19  pleading." *McCalden v. Cal. Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1990).

20  The Court will grant leave to amend unless it determines that no modified contention

21  "consistent with the challenged pleading . . . [will] cure the deficiency." *DeSoto v.*

22  *Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schriber*

23  *Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

24  **2. Analysis**

25       The Oklahoma Defendants also move to dismiss Plaintiff's Seventh Cause of

26  Action on the ground that neither California nor Oklahoma law recognizes a

27  substantive cause of action for "Piercing the Corporate Veil" or "Joint Enterprise

28  Liability."  They contend that the alter ego, or veil-piercing, doctrine is merely a

1  procedure in which courts disregard the corporate entity in order to impose liability

2  on stockholders for acts done in the name of the corporation.  Similarly, they also

3  maintain that the doctrine of joint enterprise liability is a procedure for extending

4  liability, rather than a substantive claim.  Accordingly, the Oklahoma Defendants

5  argue that Plaintiff's failure to allege any substantive tort liability against them or

6  against Blitz renders the veil-piercing and joint enterprise doctrines irrelevant.

7  Under California law, courts apply a two-part test to determine whether the

8  alter ego doctrine should be invoked to hold an individual liable for acts of a

9  corporation.  *See Automotriz Del Golfo De California S.A. v. Resnick*, 306 P.2d 1, 3

10  (Cal. 1957).  First, there must be such unity of interest and ownership that the

11  separate personalities of the corporation and the individual no longer exist.  *Id.*

12  Second, there must be evidence that, if the acts in question are treated as those of the

13  corporation alone, an inequitable result will follow.  *Id.*

14  Numerous factors are relevant to this inquiry, such as the failure to follow

15  corporate formalities, commingling of corporate assets with personal assets,

16  diversion of corporate assets for personal use, and failure to provide sufficient

17  capital to cover risks created through a corporation's activities.  *See Associated*

18  *Vendors, Inc. v. Oakland Meat Co., Inc.*, 26 Cal. Rptr. 806, 813 (Cal. Ct. App.

19  1963).  Nevertheless, no single factor is dispositive, and courts assess the totality of

20  the circumstances before applying the doctrine.  *See Sonora Diamond Corp. v.*

21  *Superior Court*, 99 Cal. Rptr. 2d 824, 836 (Cal. Ct. App. 2000) (citing *Talbot v.*

22  *Fresno-Pacific Corp.*, 5 Cal. Rptr. 361, 366 (Cal. Ct. App. 1960)).

23  Similarly, the doctrine of joint enterprise liability is recognized in California

24  and permits courts to hold one member of a common enterprise liable for the torts of

25  another member.  *See Berg & Berg Enters., LLC v. Sherwood Partners, Inc.*, 32 Cal.

26  Rptr. 3d 325, 339 (Cal. Ct. App. 2005).  The doctrine is applied when one person,

27  who does not actually commit a tort himself, shares with the immediate tortfeasors

28  "a common plan or design" in the perpetration of the harm.  *Id.*

1    Here, Plaintiff alleges that the Elmburgs and Flick illicitly transferred Blitz's
2  funds to artificial corporate entities, including Crestwood Holdings and Bergan, to
3  prevent tort claimants from recovering for their injuries. According to Plaintiff, the
4  Elmburgs and Flick failed to observe corporate formalities and managed Blitz and its
5  related entities in such a manner that Blitz's separate corporate identity ceased to
6  exist.

7    Plaintiff's claim fails, however, because there is no substantive cause of action
8  for alter ego or joint enterprise liability. The alter ego and joint enterprise doctrines
9  are procedural mechanisms that allow a tort claimant to recover from an individual,
10 or a related entity, for harm caused by a corporation; they are not themselves
11 substantive bases for liability. *See Berg*, 32 Cal. Rptr. 3d at 339. Although Plaintiff
12 contends in his opposition that he is actually suing the Oklahoma Defendants for
13 distributing the defective product that injured him, Plaintiff does not allege any torts
14 or other causes of action against either Blitz or the Oklahoma Defendants that might
15 serve as a substantive basis for liability. Plaintiff's Seventh Cause of Action thus
16 appears to be no more than a stand-alone claim for "Piercing the Corporate Veil and
17 Joint Enterprise Liability." For this reason, the Court **GRANTS** the Oklahoma
18 Defendants' motion to dismiss the Seventh Cause of Action for failure to state a
19 claim.

20              **MOTIONS TO DISMISS FOR LACK OF STANDING**
21 **1. Legal Standard**
22    A party may move to dismiss a claim for lack of standing under Federal Rule
23 of Civil Procedure 12(b)(1). *See* 5B Charles Alan Wright & Arthur Miller, *Federal*
24 *Practice and Procedure* § 1350 (3d ed. 2004). "When subject matter jurisdiction is
25 challenged under Federal Rule of [Civil] Procedure 12(b)(1), the plaintiff has the
26 burden of proving jurisdiction in order to survive the motion." *Tosco Corp. v.*
27 *Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (abrogated on other
28 grounds by *Hertz Corp. v. Friend*, 559 U.S. 77 (2010)). "'Unless the jurisdictional

12cv3057

1   issue is inextricable from the merits of a case, the court may determine jurisdiction

2   on a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) . . . .'" *Robinson*

3   *v. United States*, 586 F.3d 683, 685 (9th Cir. 2009) (internal citations omitted).  "A

4   Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the

5   challenger asserts that the allegations contained in a complaint are insufficient on

6   their face to invoke federal jurisdiction. By contrast, in a factual attack, the

7   challenger disputes the truth of the allegations that, by themselves, would otherwise

8   invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039

9   (9th Cir. 2004).

10   **2. Analysis**

11       The Oklahoma Defendants also move to dismiss on the ground that Plaintiff

12   lacks standing to bring his Ninth Cause of Action for fraudulent conveyance.[2]  They

13   maintain that the trustee in Blitz's bankruptcy has exclusive standing to bring such a

14   claim.

15       California law permits creditors to file actions to avoid fraudulent transfers

16   made by a debtor after the creditor's claim arose.  *See* Cal. Civ. Code §§ 3439.04,

17   3439.05, 3439.07.  After a bankruptcy petition has been filed, however, only the

18   trustee or debtor-in-possession has standing to assert a fraudulent transfer claim.  *See*

19   *In re Lockwood*, 414 B.R. 593, 602 (Bankr. N.D. Cal. 2008) (citing *In re Pac. Gas &*

20   *Elec. Co.*, 281 B.R. 1, 13 (Bankr. N.D. Cal. 2002).  A creditor may not exercise

21   control over the fraudulent transfer cause of action absent permission from the

22   bankruptcy court or assignment or abandonment of the claim by the trustee.  *See id.*

23       Here, Plaintiff appears to concede that the fraudulent transfer claim has not

24   been abandoned or assigned and that he needs the bankruptcy court's permission to

25   proceed with his claim.  Although Plaintiff contends that the Official Committee of

26   _____

27       [2] The Oklahoma Defendants also contend that Plaintiff lacks standing to bring his
     claim for Piercing the Corporate Veil and Joint Enterprise Liability.  As the Court has
     already granted a motion to dismiss this claim on an alternative basis, the Court will
28   only address the issue of standing with respect to Plaintiff's fraudulent conveyance
     claim.

12cv3057

1  Unsecured Creditors in Blitz's bankruptcy has moved for a court order granting

2  permission to proceed with such claims against the Kinderhook Defendants, Plaintiff

3  provides no evidence that the bankruptcy court has granted any requested relief.

4  Accordingly, the Court **GRANTS** the Oklahoma Defendants's motion to dismiss

5  Plaintiff's fraudulent conveyance claim for lack of standing.

**MOTIONS TO STRIKE**

7        As the Court has dismissed both Plaintiff's Seventh and Ninth Causes of

8  Action—the only claims asserted against the Oklahoma Defendants in this case—the

9  Court **DENIES AS MOOT** the motions to strike Plaintiff's request for relief in the

10  form of punitive damages and attorney's fees.

**CONCLUSION**

12        For the reasons stated above, the Court **GRANTS** the Oklahoma Defendants'

13  motions to dismiss, **DENIES AS MOOT** the motions to strike, and **DISMISSES**

14  **WITHOUT PREJUDICE** Plaintiff's Seventh and Ninth Causes of Action.  Plaintiff

15  may file an amended complaint curing the jurisdictional and substantive deficiencies

16  noted by the Court within 14 days of the date that this Order is electronically

17  docketed.

18        **IT IS SO ORDERED.**

19

20  DATED:  September 18, 2013

21        _____
          Honorable Janis L. Sammartino
22        United States District Judge

- 12 -

12cv3057