**BRENEMAN, DUNGAN, LLC**
**DIANE BRENEMAN (ADMITTED PRO HAC VICE)**
**311 DELAWARE STREET**
**KANSAS CITY, MO 64105**
**DB@LITIGATIONKC.COM**
**TELEPHONE: 816 421-0114**
**FACSIMILE: 816 421-0112**

**FERGUSON CASE ORR PATERSON LLP**
**DAVID L. SHAIN, ESQ.**
**1050 SOUTH KIMBALL ROAD**
**VENTURA, CALIFORNIA 93004**
**DSHAIN@FCOPLAW.COM**
**TELEPHONE: 805 659-6800**
**FACSIMILE: 805 659-6818**
**ATTORNEYS FOR PLAINTIFF**
**MICHAEL MONTGOMERY**

### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MONTGOMERY,<br><br>                Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC. et al.<br><br>                Defendants. | Case No. 12-CV-3057 JLS-DHB<br><br>**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE RE FURTHER RESPONSES TO REQUESTS FOR PRODUCTION BY DEFENDANT HOME DEPOT U.S.A., INC.** |

### JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE RE FURTHER RESPONSES TO REQUESTS FOR PRODUCTION BY DEFENDANT HOME DEPOT U.S.A., INC.

# INTRODUCTION

This discovery dispute arises from written Requests for Production of Documents served by Plaintiff on March 27, 2015 (*See* **Exhibit "1"**).  On May 7, 2015, Defendant Home Depot served its Responses to Plaintiff's Requests for Production, which but did not produce any documents at that time. (*See* **Exhibit "2"**). Defendant has since produced 589 pages of document; however, Plaintiff contends the documents are not responsive.

A number of deadlines including expert disclosures on July 10, 2015 and close of discovery on September 4, 2015 are fast approaching.  The parties have met and conferred and were unable to resolve the issues.  The parties require judicial intervention to resolve this dispute.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

## PLAINTIFF'S POINTS AND AUTHORITIES

**A.  DEFENDANT MUST BE COMPELLED TO PRODUCE ALL DOCUMENTS IT IS NOT WITHHOLDING SUBJECT TO OBJECTION**

Defendant's repeated refusal to provide Plaintiff with discovery is a complete abuse of this Court's discovery procedure. For the past few months, Defendant has made continual promises both to this Court and to Plaintiff that it would be producing documents shortly and therefore this Court's intervention was not necessary. However, a recitation of Defendant's history of delay tactics and continual refusal to provide documents makes it clear that this Court's intervention is necessary. As the Court will remember, this is the second motion that Plaintiff has filed because of Defendant's unwillingness to participate in discovery. At first Defendant refused to produce a corporate representative and relevant documents. *See* Doc. 115. Although Defendant has agreed to produce a corporate representative on June 24, 2015, it has yet to provide any responsive documents so that Plaintiff can prepare for the upcoming deposition.

Defendant has employed the same strategy as described when responding to Plaintiff's written discovery. Plaintiff served Defendant written discovery on March 27, 2015. Plaintiff gave Defendant multiple extensions to complete this discovery based on Defendant's representation that to prepare meaningful responses it needed more time to gather information and documents. On May 7, 2015, Plaintiff received Defendant's discovery "responses," but contrary to Defendant's representation, there was no substantive information provided and no documents produced, only objections. (*See* **Exhibit "2"**). Plaintiff immediately contacted Defendant regarding the inadequacy of its responses. Defendant's Counsel, Mr. Goodman assured counsel in email that he would be providing documents on May 11, 2015:

Ken: **We will be producing documents to you today.** ..

(*See* **Exhibit** "3"). (emphasis added). Despite Defendant's representation, it did not produce any documents on May 11, 2015. Since that time, Plaintiff's counsel repeatedly contacted Defendant's counsel regarding when it would produce documents and Defendant's counsel continued to avoid giving a precise answer and instead suggested that the parties hire a discovery master or meet and confer again. The parties once again participated in meet and confer sessions. During the meet and confer, Defendant's counsel asked that Plaintiff wait before filing any motion with the Court and assured Plaintiff that it would finally produce documents.

> Tim: Progress has been made, but the people who can give the green light on some of this stuff are not in the office today. Realistically, I think maybe Monday, but probably Tuesday would be the date for production. (*See* **Exhibit** "4")

At last under the threat of this Joint Motion, on June 2, 2015 Defendant provided its first production of documents. This production of documents was nothing more than a meaningless gesture to give the appearance that Defendant was engaging in discovery. In reality, the production was not responsive to any discovery request and consisted of documents that Plaintiff was already in possession of including documents from the CFR Insurance deposition taken *in this case* and documents from Plaintiff's previous lawsuit against a home insurance policy. Then on June 3, 2015, Defendant produced a second set of documents, which was equally as unresponsive. The June 3, 2015 production consisted of a

complaint from a separate case, which was filed in 2014.[1] To date, Defendant has provided only 589 pages of documents none of which bear on Home Depot's liability in this case.

Now, Defendant claims that it will be producing more documents but in order to produce them, Defendant's counsel needs client approval and Plaintiff needs to sign a protective order. While Defendant continues to claim that it will produce documents in the "near future," Plaintiff cannot rely on this representation. Without this Court's intervention, these delay tactics will never end. Defendant will continue to manufacture excuses about why it has not produced documents.

**B.    Defendant's objections do not provide a basis to withhold documents**

In addition to just flat refusing to provide Plaintiff with any documents, Defendant has also claimed that it is withholding information because 1) it has not yet located the information or the client has yet to approve production; 2) post-incident information is not discoverable; and 3) the information is privileged. As described below none of these provides a basis to withhold documents. Defendant has not met its burden to justify its failure to produce responsive documents.

Rule 26(b)(1) provides that parties may "obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed R. Civ. P. 26(b)(1). As the party resisting discovery, Defendant bears both the burden of "show [ing] that discovery should not be allowed, and…the burden of clarifying, explaining, and supporting its objections." *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998).

---

[1]  The production of the 2014 complaint is surprising in light of Defendant's claim that post-incident information is not discoverable.

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE RE FURTHER RESPOSNES TO REQUESTS FOR PRODUCTION BY DEFENDANT HOME DEPOT, U.S.A., INC. - 5**

**1.      Defendant's boilerplate objections should be overruled.**

Defendant relies on mostly boilerplate objections to circumvent their discovery obligations For instance,  Defendant's Response to Request No. 3 states:

> Objection. The request: (1) is an attempt to elicit irrelevant information; (2) is not reasonably calculated to lead to the discovery of admissible evidence; (3) is unreasonably cumulative and duplicative; (4) is unduly burdensome and oppressive in that burden and expense of obtaining the documents demanded outweighs any nominal benefit, if any, taking into account the case's needs, the amount in controversy, the parties' resources, and the importance of the issue; (5) the request is vague and ambiguous as to the terms "training information, safety information, and product hangars, and 'other' information that you distributed" as the terms are undefined; (6) the request is overbroad in time and scope; (7) the request is not reasonably particularized; (8) the request is conjunctive and/or disjunctive; and (9) equally available to propounding party.(*See* **Exhibit** "2").

Some variation of this objection is contained in Response to Requests Nos. 4-8;  11-13;  15-45. Defendant's unexplained and unsupported objections are improper and should be overruled. *Mancia v. Mayflower Textile Servs*. Co., 253 F.R.D. 354, 358 (D. Md. 2008)(objections that requests are "overboard and unduly burdensome,  and not reasonably calculated to lead to the discovery of material admissible in evidence…are improper unless based on particularized facts")

Plaintiff moves the Court to overrule Defendant's objections to Plaintiff's Request for Production Nos. 3-8;  11-13;  15-45. It is unclear whether or not Defendant is withholding documents based on these objections but given

Defendant has not produced documents relevant to these requests, it appears as if it is doing so. Defendant has not met its burden of justifying its objections, and the Court should overrule them and order Defendant to produce responsive documents.

### 2.      Timeliness: Defendant has looked for documents for five months.

Twenty (20) of Defendant's discovery responses also contain some claim that it has not yet located responsive information. For example, Defendant states:

> Home Depot has been trying to locate these documents, but because the incident happened nearly 15 years ago and theoretically responsive documents could date back that far or farther, no responsive documents have yet been located.

Some variation of this response is contained in response to Request Nos. 1-2; 4-6; 8; 11; 14-15; 18-25; 29-30; 34-38; 41-42. Home Depot has continually represented to Plaintiff that it is looking for more documents. There has been ample time to determine whether the requested information exists or not. At this point, if Defendant cannot find responsive information it must be ordered to put in writing that it does not have the documents or at the very least, the steps it took to locate such information. Defendant's boilerplate contention that it has not located responsive documents, without explanation and without being made under oath is inadequate and non-responsive. Currently, it is possible that documents will miraculously appear in time for their use by Defendant but after discovery is done. Plaintiff moves this Court to order that Defendant produce the responsive documents or confirm under oath that such documents do not exist.

Additionally, Defendant has made numerous oral representations that the production is pending client approval. "Pending Client Approval" is not a valid objection to untimely producing documents. What's to approve? If the documents exist, they must be produced.

### 3.     The scope of discovery includes post-incident information.

Defendant also objects to 28 of Plaintiff's discovery requests on the basis that post-incident information is not discoverable. (RFP Nos. 3-8; 11-13; 15-26; 29-33; 35-37; 41-45). Defendant's basic position is that because Plaintiff's injuries occurred in 2002, information after 2002 is not relevant to whether or not Home Depot *knew* about the dangers of gasoline containers. While such information may not be relevant to Home Depot's knowledge, it is relevant to a number of other issues in this case. Post-incident information is relevant to causation, the defective design of the gasoline container, and the feasibility of design change. This is particularly true given that Defendant has contested each of these issues.

In this case, Plaintiff has alleged that the subject gasoline container is dangerous and can cause explosions. Defendant has taken the position that gasoline containers like the subject gasoline container are not dangerous and do not cause explosions. *See* Def.'s Answer to Pl.'s Compl. at ¶¶ 158-160. Plaintiff has also alleged that there are safer alternative designs, which would have eliminated the risk of the gasoline container from exploding. Defendant has also denied this. *Id.* Plaintiff has also claimed that without a flame arrestor it was foreseeable that the can was defective. Defendant denies this by relying on a number of affirmative defenses that the harm was unforeseeable and caused by an unreasonable use. *Id* at affirmative defense No. 13. In addition, Defendant claims that any fault was the result of third parties that it had no control or right of control over. *Id.* at No. 23.

Plaintiff must be given access to information necessary to prove his case. Plaintiff is entitled to discover information about any testing that was conducted regarding the gasoline containers design defect regardless of when this occurred. It does not matter whether it happened one day after the incident or one day before trial. It is relevant to the issue of the defect and causation. This evidence also goes

to whether the product is dangerous. In *Weeks v. Remington Arms Co.*, 733 F.2d 1485, 1491 (11th Cir. 1984), the Court unequivocally held that post-incident failures are potentially admissible for a multiple of reasons:

> In this appeal, Remington does not seriously dispute the admissibility of its records concerning other failures of its safety mechanism; nor could it. The relevancy of similar accident evidence has been firmly established in this circuit: Evidence of similar accidents might be relevant to the defendant's notice, magnitude of the danger involved, the defendant's ability to correct a known defect, the lack of safety for intended uses, strength of a product, the standard of care, and causation. (internal citations omitted).

The *Weeks* Court cited *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 617 (5th Cir. 1977) which held that "[w]hile an accident occurring after the one under investigation might not have been relevant to show defendant's prior knowledge or notice of a product defect, it may have been highly relevant to causation, the critical issue in this case." These cases are examples of instances when this type of evidence was not only discoverable but admissible at trial.

What is most remarkable about Defendant's objection is that the parties have stipulated in writing that in relation to the 30(b)(6) deposition, the relevant period for discoverable information is from 1997 to the present:

> Plaintiff's Notice of Deposition of Home Depot under FRCP 30(b)(6) shall be limited to information and documents from **June 1997 up to the present.** *See* Doc. 116.

In light of its agreement to produce some of these documents in relation to the deposition of its 30(b)(6) corporate representative, Defendant's unwillingness to produce documents which involve post-incident events is disingenuous and is a prime example of why the Court must compel Defendant to produce documents. Plaintiff respectfully requests that this Court overrule Defendant's post-incident objections to RFP Nos. 3-8; 11-13; 15-26; 29-33; 35-37; 41-45 and compel production of all documents responsive to those requests.

### 4.    Defendant has no basis for sustaining its privilege objection.

Defendant objected to forty requests on the grounds that responsive material is privileged, proprietary, or confidential, but failed to provide a privilege log identifying documents responsive to these requests. (RFP Nos. 2, 3, 5-38; 40-45). Similarly, Defendant objected to three requests on the basis of the attorney-client privilege and/or work-product doctrine without providing a privilege log. (RFP Nos. 9-11). Defendant's privilege objections are inadequate since it failed to identify specific documents that are being withheld on the basis of privilege. As such, Defendant has expressly violated the Rule 26 requirement that parties describe the nature of the documents withheld on the privilege grounds. *See* Fed. R. Civ. P. 26(b)(5). To the extent that Defendant is objecting based on privilege, Plaintiff moves this Court to order Defendant to provide a privilege log for each document it is withholding and the basis for which the privilege exists

///

///

///

///

///

///

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE RE FURTHER RESPOSNES TO REQUESTS FOR PRODUCTION BY DEFENDANT HOME DEPOT, U.S.A., INC. - 10**

**DEFENDANT'S POINTS AND AUTHORITIES**

Plaintiff asserts that Home Depot has refused to produce any documents. This is blatantly false. Home Depot has produced 589 pages of non-privileged documents and agreed (quite some time ago) to produce additional documents once a protective order has been entered, as was represented in Home Depot's discovery responses. Counsel have agreed upon a stipulated protective order, which has been signed and filed with the court. Once it is entered by the court Defendant will produce additional documents. In addition, Defendant continues to search for potentially responsive and non-objectionable documents and will produce any such documents if any are located.

Plaintiff seeks documents going back more than 20 years, the vast majority of which simply do not exist. It is disingenuous for Plaintiff to say that Defendant was unwilling to participate in filing a joint motion. Plaintiff's counsel sent Defense counsel a 15-page draft motion late on Friday, June 5, 2015, in contravention with this Court's 10 page-limit on points and authorities. After spending significant time wading through the proposed motion, defense counsel inquired which sections of the 15-page Motion would be removed, but no response was received by Plaintiff's counsel and they subsequently filed a modified version of the Motion. Plaintiff states that defense counsel claimed to be "too busy" to provide points and authorities, which is simply a misrepresentation, as reflected in Plaintiff's own exhibits.

Plaintiff's counsel repeatedly argues that Defendant has yet to provide Plaintiff with "meaningful" documents, but the fact of the matter is that many of the documents that Plaintiff's counsel *hopes* exist, i.e. a "smoking gun," simply do not exist because Home Depot was not the designer or manufacturer of this product and had no notice of the allegedly dangerous condition that Plaintiff claims caused

his incident.

# I.      ARGUMENT

## A. PLAINTIFF'S DEMAND TO PRODUCE ALL DOCUMENTS NOT BEING WITHHELD UNDER PRIVILEGE.

Despite Plaintiff's contention that Home Depot has been promising to produce these documents for five months, the document demands at-issue in this Motion were served on Home Depot only 2.5 months ago, at the end of March, 2015.  Since then, Home Depot has been searching through 20+ years of information to determine if it even has responsive documents,[2] and in the meantime has produced nearly 600 pages of responsive and non-confidential documents.

Home Depot is not sure how those 589 pages of documents are "unresponsive," as Plaintiff claims.  For example, Plaintiff asked for documents reflecting safety/liability regarding gas can (RFPD 8), documents regarding Blitz cans (RFPD 11), consumer complaints about Blitz cans (RFPD 33), etc., and Home Depot produced copies of multiple depositions taken in Plaintiff's prior lawsuit against the homeowners where this incident occurred, copies of minor's compromises of other children involved in this incident, copies of a deposition and exhibit regarding insurance coverage related to this case, copies of an announcement from the manufacturer about going out of business due to gas can lawsuits, copies of a recall notice for a Blitz gas can (not this model), and copies of two post-incident lawsuits against Home Depot involving gas cans.  It is not surprising that more documents do not exist as Home Depot was not the

---

[2] The corporate representative deposition and accompanying 30(b)(6) document demands are not the subject of this motion (they were addressed in a prior Motion), even though they are referenced.  Even so, while as a matter of professional courtesy a party might produce records requested via deposition notice in advance of that deposition, ultimately a party has no obligation to produce those documents in advance.

manufacturer or designer or the gas can at issue and had no notice of the condition Plaintiff claims caused his incident.

In addition to these 589 pages of responsive documents, Home Depot has repeatedly advised Plaintiff's counsel that it has additional documents ready to be produced once a protective order is entered.  Despite repeated email reminders about this, it was not until the afternoon of June 12th that Plaintiff's counsel finally responded by providing a draft protective order they found acceptable.  Once this is entered by the court, additional responsive documents will be produced.  Had Plaintiff's counsel responded earlier by agreeing to a protective order, those additional documents would have been produced long ago.  In addition, if Defendant's continued effort to search for documents going back more than 20 years results in responsive and non-objectionable documents, those will be produced as well.

**B. DEFENDANT'S OBJECTIONS HAVE MERIT.**

Although Plaintiff contends that Home Depot's objections are unexplained and without merit, the objections are actually quite self-explanatory in this instance, and in any event were addressed at length during the meet and confer process.

For instance, the "overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence" objections are appropriate given the scope of Plaintiff's request sought 20+ years of records regarding many categories of information unrelated to anything material to the case from a very large company, including documents from 7+ years before the incident and 13 years after the incident, the vast majority of which would never constitute admissible evidence.

Facially, these requests are objectionable, as noted, but they are also explained and justified, *to wit*, that the burden of finding and producing 20 years of irrelevant documents that are unrelated to material issues in this case outweighs the nominal benefit, if any, that those documents might have.   Other objections are also explained and justified in that Plaintiff's document demands use vague, overbroad, and undefined terms, such as a request for "[a]ll documents relating to Blitz gas cans, excluding invoicing and/or purchase order documents."  In fact, as to each document demand, Home Depot identified which terms made them vague and unclear.   Plaintiff now attempts to make a blanket motion to strike most of Defendants objections, but does not address specific objections in the context of specific document demands.

## C. <u>TIMELINESS.</u>

Plaintiff asserts that Home Depot has had enough time to search for these documents, but Home Depot was only served with these document demands at the end of March.  Having 2.5 months to search 20+ years of data/documents is not unreasonable, especially considering the 45 document demands served by Plaintiff, the generic and overbroad language used to describe the categories of information sought, and the scope of categories of documents sought.   In any event, this is not an objection and Defendant is not withholding documents based on any timeliness argument.  Defendant has produced documents and will produce additional documents once a protective order is entered.  However, given the breadth of time and scope covered by Plaintiff's 45 document requests, Defendant's search for potentially responsive documents continues.

## D. <u>POST-INCIDENT DOCUMENTS.</u>

The main area of dispute between Plaintiff and Defendant relates to the scope of post-incident discovery.  Contrary to the assertions by Plaintiff, Defendant

wholly endorses the limitations agreed to by Plaintiff concerning the 30(b)(6) deposition, set forth below, and takes the position that these limitations should apply to the document request that is the subject of this motion.

> Plaintiff's Notice of Deposition of Home Depot under FRCP 30(b)(6) shall be limited to information and documents from June 1997 up to the present which discuss, address, or mention: actual or alleged safety issues or explosions with plastic consumer gas cans (including complaints/claims/lawsuits alleging explosions with plastic consumer gas cans);  the build-up of vapors inside plastic consumer gas cans that allegedly contribute to or cause explosions;  and the use or nonuse of flame arrestors in plastic consumer gas cans.

Contrary to Plaintiff's assertions, Defendant agrees that post-incident documents falling within the above parameters are discoverable.  For example, Defendant has already produced two post-incident civil complaints against Defendant which allege injuries resulting from exploding Blitz gas cans.  These are all the post-incident claims or lawsuits against Defendant of which Defendant is aware which raise such allegations.  Similarly, Defendant will produce (once a protective order is entered) documents reflecting or addressing actual or alleged safety issues with plastic consumer gas cans and the use or nonuse of flame arrestors in plastic consumer gas cans.  The problem is that the 45 document requests go well beyond any of that and well beyond the limitations agreed to by Plaintiff's counsel for the 30(b)(6) deposition.

Plaintiff's entire post-incident document argument focuses on post-incident claims and testing documents.  Plaintiff has argued that such documents could be

"relevant to causation, the defective design of the gasoline container, and the feasibility of design change."  No such documents are being withheld and therefore no such documents are the subject of this motion.  The dispute is that while post-incident claims may conceivably be relevant, the retail price (Request No. 13) and the price paid by Home Depot (Request No. 16) for each model of gas can Home Depot purchased from Blitz and/or other manufacturers during each of the years from January, 1995 to present are completely irrelevant.   Of what possible relevance is it what Home Depot paid or charged in 2014 for gas cans?  These requests are even more egregious by not being limited to the same or even similar gas cans or even to plastic gas cans.

Similarly, Defendant's post-incident internal training documents (Requests Nos. 19 & 20) are irrelevant and would have no bearing on "causation, the defective design of the gasoline container, and the feasibility of design change." Whether defendant complied with its own policies after the incident is not relevant and does not show anything about the subject product. Nor does the cited authority support Plaintiff's position.  This is particularly true as Home Depot is not the product manufacturer.

In *Weeks,* the Georgia case cited by Plaintiff, the defendant was Remington, the manufacturer/designer of the gun that misfired.  Remington was not the passive retailer.  Further, the case only addresses "other incidents" not the litany of other documents requested here by Plaintiff.  The *Dollar* case, another Georgia case cited in *Weeks*, similarly involved the manufacturer/designer and similarly addressed "other incident" documents. Neither of these cases supports the proposition that ***all*** post-incident documents are discoverable.  Nor does other relevant case law.

In *Miller v. Stryker Instruments*, 2012 U.S. Dist. LEXIS 70314, 2012 WL 1718825 (D. Ariz. Mar. 29, 2012), a plaintiff injured her shoulder in a softball game and subsequently had surgery in 2005, which included a certain pump catheter manufactured by I-Flow.  Complications arose and the plaintiff ended up suing I-Flow for strict products liability and negligence.  Plaintiff attempted to use evidence discussing the efficacy, safety, and/or dangers of pain pumps, but the court deemed that post-incident evidence unrelated to the plaintiff's specific claims of dangerousness were irrelevant.  (*Miller v. Stryker Instruments*, 2012 U.S. Dist. LEXIS 70314, *17, 2012 WL 1718825 (D. Ariz. Mar. 29, 2012).)  Indeed, showing of substantial similarity is required when a plaintiff attempts to introduce evidence of other accidents as direct proof of negligence, a design defect, or notice of the defect. (*Pau v. Yosemite Park and Curry Co.*, 928 F.2d 880, 889 (9th Cir. 1991); *Jackson v. Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1082-83 (5th Cir. 1986); *Brooks v. Chrysler Corp.*, 252 U.S. App. D.C. 29, 786 F.2d 1191, 1195 (D.C. Cir. 1986); *Borden, Inc. v. Florida East Coast Ry. Co.*, 772 F.2d 750, 754 (11th Cir. 1985); *McKinnon v. Skil Corp.*, 638 F.2d 270, 277 (1st Cir. 1981); *Julander v. Ford Motor Co.*, 488 F.2d 839, 846-47 (10th Cir. 1973). Similarly, pre-incident evidence of "dangerousness" that does not bear a high degree of similarity to the subject incident, such as evidence of recalls addressing issues different than those at issue in a case, is properly excluded, otherwise unfair prejudice can result. (*Long v. Trw Vehicle Safety Sys.*, 2011 U.S. Dist. LEXIS 119111, *10-11 (D. Ariz. Oct. 14, 2011).

Again, Defendant does not dispute and has agreed to produce (and has produced) documents reflecting post-incident claims and lawsuits involving allegations of exploding consumer gas cans or the use of nonuse of flame arrestors, or other documents "which discuss, address, or mention: actual or alleged safety

issues or explosions with plastic consumer gas cans (including complaints/claims/lawsuits alleging explosions with plastic consumer gas cans); the build-up of vapors inside plastic consumer gas cans that allegedly contribute to or cause explosions; and the use or nonuse of flame arrestors in plastic consumer gas cans." This was the limitation previously agreed to between the parties for the 30(b)(6) deposition and one which should apply to all discovery.

Plaintiff's motion to compel should be denied as Plaintiff is seeking documents that go well beyond the limitations agreed to for the 30(b)(6) deposition and which are not relevant to this litigation. For example:

- Request No. 4: *Post-incident* gas can labels and warnings are not relevant unless the labels/warnings have to do with flame arrestor or explosions and relate to the Blitz gas can at issue in this lawsuit. Defendant has already stated that it has not been able to locate such documents provided by Blitz;

- Request No. 6: Marketing materials from the manufacturer are irrelevant unless they have to do with flame arrestors or explosions and relate to the Blitz gas can at issue, Defendant has already stated that it has not been able to locate such documents provided by Blitz Request No. 7: Purchase agreements have nothing to do with flame arrestors, but Home Depot has agreed to produce the agreements anyway (with a protective order);

- Request Nos. 12, 13, 16, & 32: Quantities of gas cans sold (No. 12), sale price of every model gas can ever sold (No. 13), price paid by Home Depot for all gas cans (NO. 16), and profitability regarding all gas cans (NO. 32) have nothing to do with whether the lack of a flame arrestor made this gas can dangerous;

- Requests Nos. 19-20: Post-incident training documents are irrelevant to

this case, particularly if they do not address flame arrestor safety. Defendant's post-incident training does not show or prove that the product was dangerous.

- Request No. 43: Procedures about when to stop selling a product would only be relevant if Home Depot had notice that flame arrestors should have been used before this incident and that Home Depot failed to stop selling this product, and even then only pre-incident procedures about when to stop selling a product might be relevant;

- Requests Nos. 44-45: Gas can products and accessories, such as replacement spouts and yellow caps are not relevant to whether the product is dangerous, particularly post-incident documents.   In any event, to the best of its knowledge Defendant did not sell replacement spouts or yellow caps for plastic consumer gas cans.

As for the following document demands, unless they have to do with "actual or alleged safety issues or explosions with plastic consumer gas cans (including complaints/claims/lawsuits alleging explosions with plastic consumer gas cans); the build-up of vapors inside plastic consumer gas cans that allegedly contribute to or cause explosions;  and the use or nonuse of flame arrestors in plastic consumer gas cans," the documents would exceed the scope of an already stretched interpretation of what might constitute permissible discovery, the documents would be irrelevant, the information would not be admissible at trial, and the requests for them are unduly burdensome, oppressive and overbroad.  Examples of these overbroad requests are:

- All preferences, requirements, and/or specifications for all gas cans (RFPD 5).

- Post-incident documents regarding Blitz's marketing materials (RFPD 6);

- Safety/liability regarding gas cans, in general (RFPD 8);
- All documents regarding Blitz gas cans in general (RFPD 11);
- Communications with the CPSC about any gas can (RFPD 15, 21);
- All customer complaints about all Blitz gas cans (RFPD 17);
- Internal communications where any Blitz complaint was discussed (RFPD 23);
- Documents reflecting potential need to change gas can design, generally (RFPD 24);
- Home Depot's document retention/destruction policies from 2005 through 2015.  These policies have nothing to do with the 2002 incident (RFPD 26);
- All documents regarding flame arrestors, generally (RFPD 30);
- All documents regarding "safety cans" (RFPD 31);
- All consumer complaints about Blitz cans (RFPD 33);
- Videos showing Blitz cans (RFPD 35); and
- Videos showing Home Depot discussing Blitz cans (RFPD 36).

Again, to the extent any documents responsive to the above requests address "actual or alleged safety issues or explosions with plastic consumer gas cans (including complaints/claims/lawsuits alleging explosions with plastic consumer gas cans);  the build-up of vapors inside plastic consumer gas cans that allegedly contribute to or cause explosions;  and the use or nonuse of flame arrestors in plastic consumer gas cans" they have been or will be produced.  But communications about shipping Blitz gas cans, or what color they should be, or complaints that a gas can leaked into someone's car trunk, or an injury because a

gas can fell on someone's foot, are not relevant, and asking for such documents for a 20+ year time frame is unduly burdensome and oppressive.

The following are documents that Home Depot has already agreed to produce (with confidential documents pursuant to a protective order) or has stated it does not have:

- RFPD 18: documents reflecting whether gas cans should have flame arrestors.  Home Depot has agreed to produce responsive documents, once a protective order is entered.

- RFPD 25: documents regarding flow rate testing on Blitz gas cans: Home Depot will not produce work-product privileged protected documents, if there are any (i.e. expert work-product in other cases).  Even so, flow rate is not alleged to be a material issue to flame arrestors/explosions, so this request is subject to the objections noted therein.

- RFPD 29: documents regarding flame arrestor testing: Home Depot will not produce work-product privileged protected documents, if there are any (i.e. expert work-product in other cases).  That said, Home Depot is currently unaware of any responsive documents.

- RFPD 37: testing showing gas cans not exploding: Home Depot will not produce work-product privileged protected documents, if there are any (i.e. expert work-product in other cases).  That said, Home Depot is currently unaware of any responsive documents.

- RFPD 41: studies regarding gas can explosions: Home Depot will not produce work-product privileged protected documents, if there are any (i.e. expert work-product in other cases).  That said, Home Depot is currently unaware of any responsive documents.

- RFPD 42: documents regarding gas can explosions and prevention.

Home Depot will not produce work-product privileged protected documents, if there are any (i.e. expert work-product in other cases). That said, Home Depot will be producing documents it believes are responsive to this request once the protective order is entered.

## CONCLUSION

Plaintiff Michael Montgomery respectfully requests that this Court:

1) overrule Defendant's boilerplate objections to RFP Nos. 3-8; 11-13; 15-45 and compel the production of all documents responsive to those requests;

2) order that Defendant produce all responsive documents to RFP 1-2; 4-6; 8; 11; 14-15; 18-25; 29-30; 34-38; 41-42, or confirm under oath that such documents do not exist;

3) overrule Defendant's post-incident objections to RFP Nos. 3-8; 11-13; 15-26; 29-33; 35-37; 41-45 and compel production of all documents responsive to those requests; and

4) order Defendant to produce those documents it is withholding based on its inappropriate claims of privilege.

Defendant Home Depot respectfully requests that this Court deny Plaintiff's Motion to Compel or defer hearing on the Motion until after the protective order is entered and additional documents have been produced.

## CERTIFICATE OF COMPLIANCE

The parties have complied with the local requiring meet and confer on this issue.

## ECF CERTIFICATION

Pursuant to section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures of the United States District Court for the Southern District of California, I, Timothy J. Kingsbury, certify that the content of this document is acceptable to the undersigned counsel of record to affix his or her electronic signature hereto.

Pursuant to section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures of the United States District Court for the Southern District of California, I, Joshua S. Goodman, certify that the content of this document is acceptable to the undersigned counsel of record to affix his or her electronic signature hereto.  I, Zach Tolson, authorize Plaintiff's counsel to use my electronic signature on this document.


DATED: June 17, 2015

**Humphrey, Farrington & McClain P.C.**
*/s/ Timothy J. Kingsbury*

**TIMOTHY J. KINGSBURY**
**ADMITTED PRO HAC VICE**
**MISSOURI STATE BAR NO. 64958**
**221 W. Lexington Ave., Suite 400**
**Independence, MO  64050**
tjk@hfmlegal.com
**TELEPHONE: 816 836-5050**
**FACSIMILE: 816 836-8966**

**ATTORNEY FOR PLAINTIFF**

DATED: June 17, 2015

**GOODMAN NEUMAN HAMILTON LLP**

*/s/ Zachary S. Tolson*

**JOSHUA S. GOODMAN, SBN #116576**
**ZACHARY S. TOLSON, SBN #242824**
**GOODMAN NEUMAN HAMILTON LLP**
**417 Montgomery Street, 10th Floor**
**San Francisco, California 94104**
**Telephone: (415) 705-0400**
**Facsimile: (415) 705-0411**
**Attorneys for Defendant HOME DEPOT U.S.A., INC.**