UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MONTGOMERY,<br><br>                                Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC. et al.,<br><br>                                Defendants. | Case No.: 12cv3057 AJB (DHB)<br><br>**ORDER DENYING DEFENDANT HOME DEPOT U.S.A., INC.'S MOTION FOR SUMMARY JUDGMENT BASED ON LACHES**<br><br>**(Doc. No. 164)** |

Presently before the Court is Defendant Home Depot U.S.A., Inc.'s ("Defendant") motion for summary judgment based on the doctrine of laches. (Doc. No. 164.) Pursuant to Local Rule 7.1.d.1, the Court finds the instant motion suitable for determination on the papers and without oral argument. As set forth more fully below, Defendant's motion for summary judgment is **DENIED**.

**I.      BACKGROUND**

This action stems from the 2002 explosion of a gas can that caused severe injuries to Plaintiff. Although this matter involves a lengthy procedural and factual history, the Court sets forth only those facts relevant to the affirmative defense of laches, and necessary for resolution of Defendant's summary judgment motion.

In June 2002, Plaintiff was playing with a lighter when a nearby gas can exploded, causing Plaintiff's clothing and body to catch fire. As a result of the explosion, approximately eighty-five percent of Plaintiff's body sustained severe burns requiring extensive medical treatment. Plaintiff was nine years old at the time of the incident. On December 26, 2010, Plaintiff turned eighteen years old, and approximately two years later, on December 24, 2012, Plaintiff filed the instant litigation.

Plaintiff asserts claims against Defendant for strict liability design defect, duty to warn, and negligence. (*See* Doc. No. 1.) The parties agree Plaintiff's claims are governed by a two-year statute of limitations. (*See* Doc. Nos. 164-1, 179.) Additionally, because the incident occurred when Plaintiff was a minor, the two-year limitations period was tolled until Plaintiff turned eighteen pursuant to California Code of Civil Procedure section 352.

On September 4, 2015, Defendant filed the instant motion for summary judgment asserting Plaintiff's claims are barred as a matter of law due to the affirmative defense of laches. (Doc. No. 164-1.) Plaintiff filed an opposition on October 15, 2015, (Doc. No. 179), relying on the applicable statute of limitations to argue Plaintiff's claims are timely and laches is inapplicable. Defendant filed a reply in further support of its motion on October 22, 2015. (Doc. No. 184.)

**II.  LEGAL STANDARD**

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering the motion, the court must examine all of the evidence in the light most favorable to the non-moving party and "all justifiable inferences are to be drawn in his favor." *Id.* at 255, 269.

Once the moving party has met its burden, the burden shifts to the non-moving party to "set out 'specific facts showing a genuine issue for trial.'" *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting then-Fed. R. Civ. P. 56(e)). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

## III. DISCUSSION

"Laches is an equitable time limitation on a party's right to bring suit." *Boone v. Mech. Specialties Co.*, 609 F.2d 956, 958 (9th Cir. 1979). The defense "prevents a plaintiff, who with full knowledge of the facts, acquiesces in a transaction and sleeps upon his rights." *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 950–51 (9th Cir. 2001) (internal citation and quotation marks omitted). A party asserting laches must establish (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense. *Bratton v. Bethlehem Steel Corp.*, 649 F.2d 658, 666 (9th Cir. 1980) (quoting *Costello v. United States*, 365 U.S. 265, 282 (1961)). Prejudice "must be affirmatively demonstrated by the defendant in order to sustain his burdens of proof and the production of evidence on the issue." *Miller v. Eisenhower Med. Ctr.*, 27 Cal. 3d 614, 624 (1980).

In support of summary judgment, Defendant argues Plaintiff waited ten years from the date of the incident to file suit, which resulted in both evidentiary and economic prejudice to Defendant. (*See generally* Doc. No. 164-1.) According to Defendant, Plaintiff knew or should have known of his claims against Defendant in 2003 when a

guardian ad litem was appointed to represent Plaintiff's interests.[1] Because Plaintiff waited to file suit until December 2012, Defendant claims physical and testimonial evidence is now unavailable, and Defendant has lost the ability to seek defense and indemnification from Blitz, the gas can manufacturer. (*Id.*)

In opposition, Plaintiff primarily argues laches is an equitable defense inapplicable to matters at law that are governed by a statute of limitations, such as Plaintiff's claims. (Doc. No. 179.) Plaintiff also argues Defendant's claim of evidentiary prejudice is overstated and remains outweighed by the policy underlying tolling statutes of limitation for individuals injured as minors. (*Id.*) Finally, Plaintiff argues any prejudice from Defendant's loss of indemnification and defense by Blitz should be borne solely by Defendant, and not operate to bar Plaintiff's timely filed claims. (*Id.*)

Defendant's motion raises several questions for the Court's consideration, including whether laches applies to a claim filed within the limitations period, whether laches should apply where the applicable statute of limitations was appropriately tolled, and whether Defendant has established the requisite inexcusable delay and resulting prejudice required to establish laches. In answering these questions, the Court finds the Supreme Court's recent decision in *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962 (2014), instructive.

In *Petrella*, the Supreme Court addressed "whether the equitable defense of laches (unreasonable, prejudicial delay in commencing suit) may bar relief on a copyright infringement claim" brought within the applicable statute of limitations. *Id.* at 1962. The plaintiff in *Petrella* filed suit for copyright infringement nine years after initially contacting the defendant and asserting the defendant's film infringed on the plaintiff's copyright. *Id.* at 1971. The defendant moved for summary judgment, in part based on the

---

[1] Specifically, Defendant contends Plaintiff should have filed suit against Defendant in 2003 when Plaintiff's guardian ad litem, his father, filed suit against the owner of the property where the incident occurred. (Doc. No. 164-1 at 16.)

12cv3057 AJB (DHB)

doctrine of laches. *Id.* The defendant cited the time between when the plaintiff renewed her rights to the copyright, which occurred in 1991, and the time she commenced suit, in 2009, as an unreasonable and prejudicial delay. *Id.* The district court agreed and held that laches barred the plaintiff's claim. *Id.* at 1972. On appeal, the Ninth Circuit affirmed the laches-based dismissal, noting that part of the alleged wrongful conduct occurred outside of the three-year limitations period, and that the plaintiff was aware of her potential claims many years prior to filing suit. *Id.*

When the Supreme Court addressed the issue, it concluded otherwise, rejecting laches as a defense, and instead citing the statute of limitations as inherently accounting for delay. *See id.* ("The Ninth Circuit erred, we hold, in failing to recognize that the copyright statute of limitations, § 507(b), itself takes account of delay.") Discussing the statute of limitations applicable to copyright actions, the Court noted that a successful copyright plaintiff can gain retrospective relief only three years back from the time of suit, and that no recovery can occur for infringement in earlier years. *Id.* The Court also noted that laches is a "defense developed by courts of equity; its principle application was, and remains, to claims of an equitable case for which the Legislature has provided no fixed time limitation." *Id.* at 1973. Further, the Court rejected the expansive application of laches advanced by the defendant, which the Court held "careens away from understandings, past and present, of the essentially gap-filling, not legislation-overriding, office of laches." *Id.* at 1974. Thus, because laches "originally served as a guide when no statute of limitations controlled the claim," the Court declined to apply it in the copyright context, which is governed by an express three-year statute of limitations. *Id.*

*Petrella* supports the conclusion that laches is traditionally considered an equitable defense, and therefore inapplicable when a statute of limitations exists. *See id.* at 1974 ("[W]e adhere to the position that, in face of a statute of limitations enacted by Congress, laches cannot be involved to bar legal relief[.]"). In this regard, *Petrella* supports Plaintiff's argument that as a fundamental matter, because Plaintiff's claims are governed

by a two-year limitations period, the equitable doctrine of laches does not apply. Though Defendant argues *Petrella*'s reach is limited to the copyright context, the Court finds the Supreme Court's reasoning easily applied to the facts of this matter. *See Oracle Am., Inc. v. Terix Computer Co., Inc.*, No. 5:13-CV-03385, 2015 WL 1886968, at *4 (N.D. Cal. Apr. 24, 2015) ("While [*Petrella*] primarily addressed the Copyright Act, the Court's reasoning logically extends the basic premise to all statutory frameworks that include a statute of limitations."). As in *Petrella*, an express statute of limitations governs Plaintiff's claims in this matter. Additionally, the policy underlying the Supreme Court's holding—namely that laches is a gap-filling and not legislation overriding doctrine, not contemplated to operate as an additional limitation on the timeliness of a plaintiff's claim—equally applies to application of laches to a minor's claim filed after a plaintiff reaches the age of majority.

This brings the Court to its concern in applying laches to bar Plaintiff's claims and the arguments advanced by Defendant in support of summary judgment. Defendant's briefing is devoid of reference to the fact that the two-year limitations period applicable to Plaintiff's claims was properly tolled from the date of the incident, June 2002, to December 2010, when Plaintiff turned eighteen years old. Absent such reference, Defendant's argument for laches is seemingly more compelling: a ten-year delay in filing suit accompanied by a loss of physical evidence and testimony of allegedly key witnesses. However, when considered in the context of key facts, including that Plaintiff was a minor at the time of the incident, and that the statute of limitations was properly tolled for eight of the ten-year delay cited by Defendant, Defendant's motion for summary judgment is far less compelling and warrants denial.

At the time of the incident, Plaintiff was nine years old. Pursuant to California Code of Civil Procedure section 352, if a cause of action accrues during the time a plaintiff is under the age of majority, the statute does not begin to run until the plaintiff

turns eighteen.[2] Thus, the limitations period was properly tolled until 2010, accounting for eight of the ten-year delay repeatedly cited by Defendant as inexcusable and unreasonable. In *Petrella*, the Court juxtaposed tolling of a limitations period with the doctrine of laches, noting that tolling "lengthens the time for commencing a civil action in appropriate circumstances" and "is, in effect, a rule of interpretation tied to that limit." *Id.* at 1975. "Laches, in contrast . . . can scarcely be described as a rule for interpreting a statutory prescription." *Id.* Applying laches where the time to file suit was properly tolled would undermine the statutorily codified decision to protect a minor's right to wait and file suit upon reaching the age of majority.[3] *See Unilogic, Inc. v. Burroughs Corp.*, 10 Cal. App. 4th 612, 619 (1992) ("To allow a laches defense in a legal action would be to override a time limit mandated by the Legislature.").

The cases Defendant cites are unpersuasive and miss the mark when applied to Plaintiff's claims. Defendant relies primarily on cases that govern when a plaintiff should have known that a particular cause of action existed, thereby triggering the plaintiff's duty to file suit within the applicable limitations period. For example, *Bristol-Myers Squibb Co. v. Superior Court*, 32 Cal. App. 4th 959, 966 (1995), involved the question of when the statute of limitations commenced. The court in *Bristol-Myers* noted the applicable limitations period was one-year and began "on the date of injury or the later date of discovery by the plaintiff of the injury and its negligent cause." *Id.* at 963. The plaintiff in *Bristol-Myers* brought suit against the manufacturer of her breast implants

---

[2] Section 352 states in relevant part, "If a person entitled to bring an action . . . is, at the time the cause of action accrued either under the age of majority or lacking the legal capacity to make decisions, the time of the disability is not part of the time limited for the commencement of the action."

[3] In its reply brief, Defendant argues that unlike *Petrella*, where the copyright limitations period "takes account of delay," no such statute takes account of Plaintiff's delay in filing suit in this matter. (Doc. No. 184 at 2.) Section 352, however, expressly takes account of a delay in filing suit during the time a plaintiff is a minor and contemplates a delay of up to twice as long as the eight-year delay at issue in this case.

several years after one of the implants ruptured, causing the silicone within it to migrate to the plaintiff's arm. *Id.* at 963. It was not until nearly ten years later that the plaintiff learned she had a possible claim against the manufacturer of the implant. *Id.* The issue faced by the court in *Bristol-Myers* was when the applicable statute of limitations began to run. *Id.* The court did not directly address the doctrine of laches, or otherwise address the timeliness of the plaintiff's claim outside of the context of when the applicable limitations period began to run. *See generally id.*

The underlying facts and the court's analysis in *Bristol-Myers* are therefore readily distinguishable from the instant matter. Here, the parties do not dispute that the statute of limitations began to run when Plaintiff turned eighteen on December 26, 2010. Thus, the discovery doctrine is inapplicable, particularly as Plaintiff's knowledge of his claims during the time the limitations period was tolled is not relevant to when he should have filed suit.[4] Defendant also relies on *Fox v. Ethicon*, 35 Cal. 4th 797 (2005), which similarly addressed the proper application of the statute of limitations, and which the court noted generally accrues at the time the cause of action is complete with all of its elements. *Id.* at 807. Such an analysis is improper in this case, primarily because there is no doubt when the statute began to run, and that the limitations period was properly tolled until December 2010. *See also Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 397 (1999)

---

[4] Defendant argues Plaintiff was aware or should have been aware of his claim against Defendant in 2003, when a guardian ad litem was appointed and Plaintiff filed suit against the owner of the property where the incident occurred. (Doc. No. 164-1 at 16); (*see also* Doc. No. 179-8). Defendant does not cite any authority to suggest that appointment of a guardian ad litem deprives a minor of the benefit of California Code of Civil Procedure section 352. *Cf. Tzolov v. Int'l Jet Leasing, Inc.*, 232 Cal. App. 3d 117, 120 (1991) ("It appears to be the general rule nationally that a guardian ad litem's failure to bring a minor's action within the applicable limitation period will not prejudice the minor's right to do so after he or she becomes of age. We are satisfied that this should be the California rule, applicable to minors and mentally incompetent persons alike.") Accordingly, the appointment of a guardian ad litem while Plaintiff was a minor does not preclude Plaintiff's suit brought upon reaching the age of majority.

(discussing the discovery rule, which "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action"). Defendant's citation to generally applicable California law regarding when a cause of action accrues is of minimal value in addressing the distinct issue of whether laches should bar a claim properly tolled and then filed within the applicable limitations period.

Thus, the Court finds the authority cited and the arguments advanced by Defendant regarding the applicability of laches unpersuasive, particularly in light of *Petrella*. The Court concludes it would be inappropriate to apply the equitable defense of laches to bar Plaintiff' claims which are governed by and filed within the applicable statute of limitations. *See J & J Sports Prods., Inc. v. Olivo*, No. 14CV02766, 2015 WL 3604457, at *4 (S.D. Cal. June 8, 2015) ("If the statute of limitations has not passed, invoking laches would hardly be appropriate."). However, even considering the evidence offered in support of laches, the Court finds Defendant has failed to establish the two requisite elements—unreasonable delay and prejudice.

A party asserting laches must show that it suffered prejudice because of the plaintiff's unreasonable delay in filing suit. *Danjaq LLC*, 263 F.3d at 951. Traditionally, the delay in filing suit is measured from when a plaintiff knew or should have known of allegedly offending conduct until the initiation of the lawsuit. *Kling v. Hallmark Cards, Inc.*, 225 F.3d 1030, 1036 (9th Cir. 2000) ("any delay is to be measured from the time that the plaintiff knew or should have known about the potential claim at issue").

As set forth in detail above, eight of the ten-year delay cited by Defendant occurred when the limitations period was properly tolled. Thus, any actual delay in filing suit only occurred between December 26, 2010, the date Plaintiff turned eighteen, and December 24, 2012, the date Plaintiff filed suit. The Court notes that Plaintiff filed suit just two days shy of the two-year limitations period. However, because Plaintiff's claim was filed within the limitations period, it would be inconsistent to deem Plaintiff's filing untimely. The fact the two-year limitations period was preceded by eight years during which the statute was tolled does not alter the Court's conclusion. Both the two-year limitations

period and the tolling of a limitations period during the time a plaintiff is a minor were delays considered by the legislature in enacting each period. Accordingly, the Court does not find Plaintiff unreasonably delayed in filing suit and finds the first element of a laches defense unmet.

Additionally, laches requires a defendant to establish prejudice stemming from a plaintiff's delay in filing suit. "The very purpose of laches as an equitable doctrine—and the reason that it differs from a statute of limitations—is that the claim is barred because the plaintiff's delay occasioned the defendant's prejudice." *Telink, Inc. v. United States*, 24 F.3d 42, 45 (9th Cir. 1994). Courts have recognized evidentiary and expectation-based prejudice in the context of laches. Evidentiary prejudice includes such things as lost, stale, or degraded evidence, or witnesses whose memories have faded or who have died. *Trs. for Alaska Laborers–Constr. Indus. Health & Sec. Fund v. Ferrell*, 812 F.2d 512, 518 (9th Cir. 1987). A defendant may also demonstrate prejudice by showing that it took actions or suffered consequences that it would not have, had the plaintiff brought suit promptly.

Defendant's prejudice arguments are slightly more compelling. Defendant argues it has suffered evidentiary prejudice because evidence has been destroyed and potential witnesses have died. (Doc. No. 164-1 at 6.) Defendant cites to the destruction of evidence by the San Diego County Sherriff's Department as well as the fact that two potential witnesses, Mr. Bruno and Mr. Hoekstra, are now deceased and unable to testify. The loss of evidence by the Sherriff's Department, however, resulted from the limitations period being tolled, as opposed to Plaintiff's delay in filing suit between December 2010 and December 2012. By the time the statute of limitations began to run, the evidence cited by Defendant was long gone, having been destroyed pursuant to agency procedure in 2006.

(*See* Doc. No. 179-11.)[5] This includes the gas can at issue, the lighters used by Plaintiff on the day of the incident, and extra photographs taken of the scene of the incident.[6] As the Court noted in *Petrella*, given that Plaintiff bears the burden of establishing his claims at trial, "[a]ny hindrance caused by the unavailability of evidence, therefore, is at least as likely to affect [P]laintiff[] as it is to disadvantage [D]efendant[]." *Petrella*, 134 S. Ct. at 1977. The Court finds this true with respect to the unavailable physical evidence such as the gas can and the testimony of the now-deceased witnesses. From the parties' briefing, it is apparent Plaintiff would benefit from production of the gas can to rebut Defendant's expert's testimony regarding the existence of an explosion. (*See, e.g.*, Doc. No. 179 at 16, 18.) Additionally, Defendant concedes that reports exist that memorialize the witnesses' recollections taken the day of or immediately after the incident. (Doc. No. 164-1 at 6, 21); (*see also* Doc. No. 179-4). Such reports are without doubt more accurate than any witnesses' independent recollection of the events years later. Defendant also cites varying accounts of the facts immediately before the incident given by Plaintiff and the other boys involved in the incident. (Doc. No. 164-1 at 8.) These varying accounts could reasonably be attributed to the fact these witnesses were children at the time of the incident and the tragic nature of the underlying facts. Thus, the Court rejects Defendant's arguments regarding evidentiary prejudice as support for the doctrine of laches.

Defendant also argues it has suffered economic prejudice because Blitz, the manufacturer of the gas can, was formerly contractually obligated to defend and indemnify Defendant against any claims stemming from the gas cans. (*See* Doc. No. 164-

---

[5] The Court notes that it considers the evidence offered in support and opposition to summary judgment in its entirety but without citation to the parties' separate statement of undisputed facts pursuant to Chamber Rule II(F).

[6] Defendant cites the loss of Plaintiff's clothing as an additional source of physical evidence lost due to Plaintiff's delay in filing suit. In opposition, Plaintiff notes his clothes were burned off his body and therefore never existed as physical evidence after the date of the incident. (Doc. No. 179 at 15.) Plaintiff's account appears correct based on the evidence presented in the record. (*See* Doc. No. 179-4 at 8.)

1 at 22) (detailing terms of indemnification agreement). Blitz filed for bankruptcy in 2011, and has since liquidated its assets and exhausted its insurance coverage. Plaintiff argues a contractual agreement Plaintiff was not privy to should not operate to bar his timely claims.

In contrast to the majority of Defendant's evidentiary prejudice arguments, Blitz's bankruptcy and exhaustion of available insurance coverage occurred after the limitations period commenced and prior to Plaintiff filing suit. Blitz filed for bankruptcy in November 2011, just short of a year after Plaintiff turned eighteen and one year into the limitations period. Defendant, however, presents no evidence to suggest that had Plaintiff filed suit immediately upon commencement of the statute of limitations, Defendant would have received a defense or indemnification given Blitz's subsequent bankruptcy. Additionally, economic prejudice alone is insufficient to bar Plaintiff's claims on the grounds of laches, given that the claim was otherwise filed within the applicable statute of limitations. *See Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 68 (2000) ("The defense of laches requires unreasonable delay plus either acquiescence in the act about which plaintiff complains or prejudice to the defendant resulting from the delay."). Similarly, to the extent Defendant's economic prejudice argument assumes Plaintiff had an obligation to bring suit prior to the statute of limitations commencing in December 2010, that argument is rejected as set forth above.

The case relied upon by Defendant, *Finnerty v. Wireless Retail, Inc.*, 624 F. Supp. 2d 642 (E.D. Mich. 2009), is not binding on this Court and distinguishable from the facts as presented. In *Finnerty*, the plaintiff sought to impose successor liability on Radio Shack after the plaintiff's former employer transferred its assets to Radio Shack. *Id.* at 665. Radio Shack asserted the plaintiff's claim of successor liability was barred by the doctrine of laches and moved for summary judgment. *Id.* In opposition, the plaintiff argued she did not know of the transfer of assets any earlier and therefore had not unreasonably delayed in asserting her claim for successor liability against Radio Shack. *Id.* The court rejected this argument, citing evidence to the contrary apparent from the

record including press coverage of the transfer of assets, as well as the plaintiff's own deposition testimony to demonstrate the plaintiff was aware of the transfer at least nine months before she asserted the successor liability claim. *Id.* at 665–66. Though the court in *Finnerty* found the plaintiff's claims barred by laches, it did so after concluding the plaintiff unreasonably delayed in asserting the successor liability claim and that the claim was not brought within the applicable limitations period. Both of these findings are lacking in the context of the instant motion. For these reasons, the Court finds *Finnerty* unpersuasive.

Though a cursory review of Defendant's motion for summary judgment suggests laches is a viable defense, upon further review and considered in context with the factual background of this case, the defense does not operate to bar Plaintiff's claims. Defendant has failed to establish laches is applicable to an action at law that is governed by a statute of limitations. Defendant has also failed to establish the requisite undue delay by Plaintiff in filing suit, basing the crux of its laches defense on the eight-year delay attributable to section 352's tolling provision. Accordingly, summary judgment is inappropriate.[7]

## IV.   CONCLUSION

For the reasons set forth above, Defendant's motion for summary judgment on the defense of laches is **DENIED**.

**IT IS SO ORDERED**.

Dated:  November 24, 2015

Hon. Anthony J. Battaglia
United States District Judge

---

[7] In Plaintiff's opposition, Plaintiff requests reasonable attorney's fees and expenses incurred in responding to Defendant's motion for summary judgment, arguing Defense counsel did not act in good faith in arguing laches should apply to Plaintiff's claims. (Doc. No. 179 at 6.) Plaintiff's request is **DENIED**. Though the Court finds Defendant's arguments unsupported by the factual background of this case and applicable Ninth Circuit case law, an award of attorney's fees and costs is similarly unsupported.